**Jesus Enrique BRIONES and Rebecca Briones, Appellants,**

v.

**Lucy SOLOMON, Appellee.**

No. 04–88–00067–CV.

Court of Appeals of Texas, San Antonio.

March 29, 1989.

Rehearing Denied May 16, 1989.

Hector Leal, Jr., Leal & Bratt, Julio A. Gracia, Laredo, for appellants.

Bill Blackburn, Corpus Christi, for appellee.

Before REEVES, CHAPA and PEEPLES, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a declaratory judgment. On remand from this court, trial was before a jury which again found the existence of an implied easement across appellants' land.[1] The suit involved two tracts of land in Zavala county known as El Varal Pasture and La Copa Pasture. A

---

1. *Sisco v. Hereford,* 694 S.W.2d 3 (Tex.App.— San Antonio 1984, writ ref'd n.r.e.).

prior judicial adjudication established an implied easement of ingress and egress across the El Varal pasture in favor of appellee's predecessors in title. *Zapata County v. Llanos,* 239 S.W.2d 699 (Tex. Civ.App.—San Antonio 1951, writ ref'd n.r. e.). Appellees contend that they are also entitled to an implied easement across the La Copa pasture.

The issues before this court now are: (1) whether the trial court "reversibly erred in overruling appellants' Motion For Judgment Non Obstante Veredicto and Motion For New Trial inasmuch as the jury's answers to Special Issues Nos. 1, 2, 3, and 5 [are] not supported by the evidence, and [are] legally and factually insufficient";

(2) whether the trial court reversibly erred in refusing to submit appellants' version of Special Issue No. 1;

(3) whether the trial court "reversibly erred when it submitted Special Issue No. 6 [and] No. 7 on attorney's fees";

(4) whether the jury answer to Special Issue No. 12 is supported legally and/or factually by the evidence;

(5) whether the trial court erred in refusing appellants' requested instructions to Special Issue No. 12;

(6) whether the jury answers to Special Issue Nos. 9 and 11 are supported legally and/or factually by the evidence;

(7) whether the trial court erred in overruling appellants' Motions For Judgment Non Obstante Veredicto and Motions For New Trial with regard to that part of the judgment granting the 20 foot easement to share # 4;

(8) whether the trial court erred in ordering the parties to share pro rata in the maintenance and repair of the implied easement;

(9) whether Sections 3 and 5 of the Court's judgment are void because they are vague, uncertain, and indefinite; and

(10) whether the trial court committed reversible error in admitting the former trial testimony of August Oscar Hein, deceased.

Initially, appellants contend the trial court reversibly erred in overruling appel-lants' Motion For Judgment Non Obstante Veredicto and Motion For New Trial because the jury's answers to Special Issues 1, 2, 3 and 5 were not legally and/or factually supported by the evidence.

▆ A complaint on appeal of factual insufficiency of the evidence to support a jury finding requires as a predicate that the point have been presented to the trial court in a motion for new trial. TEX.R. CIV.P. 324(b)(2).

▆ A legal insufficiency complaint on appeal requires as a predicate that the same contentions have been "made clear to the court in time for the court to correct any error, if any existed." *Rosas v. Shafer,* 415 S.W.2d 889, 890 (Tex.1967).

In this case, appellants specifically claim that their non obstante veredicto motions and new trial motions should have been granted. Thus, they declare that their sufficiency complaints were made clear to the court in these motions. A review of appellants' Motions For New Trial and Motions For Non Obstante Veredicto discloses that appellants properly complained therein only about the insufficiency of the evidence as to Special Issue No. 2. Therefore, appellants have failed to show the court erred in denying the said motions as to Special Issues 1, 3, and 5.

A legal sufficiency point is a question of law and we can consider only that evidence and the reasonable inferences which, viewed in the most favorable light, support the jury findings and we must reject all evidence or reasonable inferences to the contrary, *Glover v. Texas General Ind. Co.,* 619 S.W.2d 400, 401 (Tex.1981); *McClure v. Allied Stores of Texas, Inc.,* 608 S.W.2d 901, 904 (Tex.1980). In determining the factual sufficiency of the evidence "the court of appeals must consider and weigh all evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456–457 (Tex.1985). We must further remain cognizant that it is for the jury to judge the

credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the evidence. *Town & Country Mobile Homes, Inc. v. Bilyeu,* 694 S.W.2d 651, 656 (Tex.App.—Fort Worth 1985, no writ).

Special Issue No. 2 read as follows:

Special Issue No. 2

Have Helen Pena, Jesus Enriguez Briones and Geraldine Sisco substituted other roads for the old roadway down as far as the Chevron Well?

Answer "yes" or "no"

Answer: Yes

■ A review of the record reveals evidence of a relocation of the old road easement to the new Chevron road in both the partition deed and caliche agreement between Helen Pena and Chevron U.S.A., Inc. Testimony of all appellants and others established to some degree appellants' use of roads other than the old road since 1977, when the Chevron road was built. Although there was conflict in the testimony, the jury had the right to resolve it.

Considering all of the record, we cannot say that the jury's finding as to Special Issue No. 2 was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain, supra.* Point of error number two is overruled as is point of error number five which is merely a summation of the first four points of error.

Appellants next contend that the trial court erred in refusing to submit their version of Special Issue No. 1.

The court submitted the following Issue:

*Special Issue No. 1*

At the time of the 1928 and 1929 partition was there a continuous, apparent, permanent and necessary road easement across La Copa and El Varal pastures from La Copa gate on the north to the property now owned by Leroy Solomon on the south?

Answer "yes" or "no"

Answer: Yes

Appellants' requested issue on the subject read:

Do you find from a preponderance of the evidence that at the time of the 1928 partition; plaintiff had a continuous, apparent, permanent and necessary roadway easement across the property owned by defendant, Helen L. Pena, as depicted in Plaintiffs' Exhibit No. 1 and 1A?

■ TEX.R.CIV.P. 278 provides in pertinent part that a judgment shall not be reversed because of the failure to submit other and various phases or different shades of the same question. We conclude that appellants' requested issue was a different shade of the same question which the court had submitted. No error has been shown, and the point is overruled.

■ Appellant next contends that Special Issue Nos. 6 and 7 regarding attorney fees were improperly submitted to the jury "because the evidence was legally and/or factually insufficient to warrant their submission." However, the thrust of appellants' argument does not concern the quantity or quality of the attorney fee evidence in the record; rather, that attorney fees are not in order under the Declaratory Judgment Act absent proof that they have been actually incurred and paid by the prevailing party. In this regard, appellants have failed to provide any authority as required by TEX.R.APP.P. 74(f). We will nevertheless address this point.

In a case involving the Declaratory Judgment Act, the court stated in *Contact Products, Inc. v. Dixico Inc.,* 672 S.W.2d 607 (Tex.App.—Dallas 1984, no writ):

We note that the statute provide that the trial court "may make such award of ... reasonable and necessary attorney's fees as may seem equitable and just." TEX.REV.CIV.STAT.ANN. art. 2524–1 § 10 [repealed, now Tex.Code Annotated Civil Practice and Remedies § 37.009]. We interpret this provision to give the trial court discretion in making this award. Therefore, we hold that an abuse of discretion standard should be involved upon review of the award.

Appellant here does not contend, and certainly has not shown an abuse of discretion

on the part of the trial judge. The point is overruled.

■ Appellant next argues that the jury answer to Special Issue No. 12 is not supported by legally or factually sufficient evidence.

Special Issue No. 12 read as follows:
Have plaintiffs or their predecessors in title abandoned the old easement?
Answer "yes" or "no"
Answer: No

A review of the record revealed the testimony of several witnesses denying any intent to abandon the old easement. Appellants apparently rely erroneously on a contention that a mere showing of non-use of an easement is sufficient as a matter of law to extinguish the easement.

The material question [in abandonment issues] is the intention to abandon, and that intention must be established by clear and satisfactory evidence. Mere non-use of an easement will not extinguish it. (citations omitted)
*Dallas County v. Miller,* 166 S.W.2d 922, 924 (Tex.1942).

Applying the no evidence standard of review discussed in earlier points of error, we cannot say that the jury's finding as to Special Issue No. 12 was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain, supra.* The point is overruled.

Appellants' next point complains about the court's refusal of appellants' requested instruction to Special Issue No. 12.

■ The court's charge contained the following instruction to Special Issue No. 12:

In answering the following Special Issue No. 12, you are instructed that abandonment may be established by circumstances, but in order for there to be abandonment those circumstances must disclose some definite act showing an intention to abandon and terminate the right possessed by the easement owner, in this case the Solomons. The material question is the intention to abandon and that intention must be established by clear and satisfactory evidence. Mere non-use

of an easement does not constitute abandonment.

Appellants' relevant requested instruction read:

You are hereby instructed by the Court that as used herein, "abandoned" means to have given up, deserted, or relinquished voluntarily and absolutely. You are further instructed that abandonment may be shown by circumstances but the circumstances must disclose some definite act showing intention to abandon. If non-use of the easement is continuous and unexplained, it gives rise to an inference of the intention to abandon.

The instruction given by the Court was based on the language of the Texas Supreme Court in *Dallas County v. Miller, supra.* The Texas Supreme Court has also treated addenda to the charge as impermissible comments that tilt or nudge the jury one way or the other. *Lemos v. Montez,* 680 S.W.2d 798, 801 (Tex.1984). The instruction given by the Court traced closely the language of the Supreme Court and fairly instructed the jury regarding the issue. Appellant has failed to show reversible error in the court's denial of their instruction which was somewhat nudging. The point is overruled.

■ Appellant next complains that the jury's answers to Special Issues No. 9 and No. 11 are not supported legally or factually by the evidence.

Special Issue No. 9 read:
Did defendant Helen Pena hold peaceful and adverse possession of her land within the plaintiff's old easement, cultivating, using and enjoying the same for a period of ten consecutive years prior to February 18, 1982, the date this suit was filed? (include the instruction in the charge)
Answer "yes" or "no"
Answer: No

Special Issue No. 11 read:
Did defendant Geraldine Sisco hold peaceful and adverse possession of her land within the plaintiffs' old easement, cultivation, using, or enjoying the same

for a period of ten consecutive years prior to February 18, 1982, the date this suit was filed?

Answer "Yes" or "No"

Answer: No

The record reveals evidence that:

1) Lucy Solomon had no reason to believe she could not use the road in question until May, 1980 when she was not allowed to use it for the first time;

2) Dan Solomon traveled the road in question from 1963 until May 1980, when he discovered for the first time that he would be unable to use it thereafter;

3) Dan Solomon first became aware of chaining and root-plowing in the easement area in 1983 when he flew over the property.

The record also reflects conflicting evidence presented by appellants to the effect that the area in question had been fenced, and was used for cattle grazing and hunting. However, the jury had the right to resolve the conflicts in the evidence. *Town & Country Mobile Homes Inc. v. Bilyeu, supra.* Considering all the evidence, we cannot say the findings of the jury are so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain, supra.* Having found sufficient evidence, we also overrule the no evidence point. The points are overruled.

■■■ Appellant's next point of error contends that the trial court erred 1) in overruling appellant's Motions For Judgment Non Obstante Veredicto and For New Trial; and 2) in entering judgment granting appellee the 20 foot wide extended easement from the Chevron No. 1 well site to the northwest corner of Share 4 owned by Lucy Solomon together with a 10 foot temporary construction easement. Appellants argue the court erred in this respect "because said judgment does not conform to the pleadings, evidence and/or special issues in the case and is legally and factually insufficient to support this part of the court's judgment."

A review of the transcript discloses that appellee's pleadings do support this part of the judgment. This argument is rejected.

Appellant's Motions For Judgment Non Obstante Veredicto and For New Trial do not contain this complaint and therefore the court could not have erred in denying the motions on this ground. This argument is rejected.

Further, a review of the record reflects sufficient evidence and findings to sustain this part of the judgment. The jury, based on sufficient evidence found:

1) that all implied road easements existed at the time of the 1928 and 1929 partitions across La Copa and El Varal pastures from La Copa gate on the north to the property now owned by Lucy Solomon on the south;

2) that the appellants relocated the old roadway to the new Chevron Road up to the Chevron well;

3) that justice and fairness require appellees to be allowed to use the Chevron Road rather than the old road;

4) that appellees do not have adequate access to Share # 4 with the use of the old road;

5) that appellees' past use of other roads than the Chevron Road (across the Martinez and Sullivan properties) to get to Share # 4 have been only by permission; and

6) that appellees or their predecessors in title have not abandoned the old road easement.

The court's judgment also reflects the following finding which is unchallenged by the appellants:

"4. Plaintiff need an easement to Share 4 of the Varal Partition; and in view of the jury finding that the old easement does not give them adequate access to Share 4, justice and fairness require that they have an easement from the Chevron Well on Geraldine Sisco's property to the northwest corner of Share 4 of the Varal partition, along the shortest practical route, and such easement should be declared to exist."

Therefore, appellants' contention that this part of the judgment is unsupported by the evidence and findings is rejected.

■ Additionally, in this global point of error, appellants finally argue that the court had no authority to enter this part of the judgment. We disagree.

The jury findings declared that appellants relocated the old implied road easement to the Chevron Road up to the Chevron Well. The old implied easement existed for the benefit of appellees who also owned Share # 4. The jury found also that the old road easement did not give appellees adequate access to Share # 4. Therefore, for the purpose of the jury finding to be served, it was reasonable and necessary to give appellees ingress and egress rights to the end of the Chevron Road (Chevron well) from Share # 4. Thus, the court correctly found that, based on the jury findings, an ingress and egress easement was necessary from Share # 4 to the Chevron Well to give appellees access to their implied road easement, the Chevron Road. *See Westbrook v. Wright*, 477 S.W.2d 663 (Tex.App.—Houston [14th Dist.] 1972, no writ).

Further, since the jury found that the appellants themselves relocated the old existing implied road easement, justification existed to declare the easement to the Chevron well by estoppel. *Texas City Dike & Marina Inc. v. Sikes*, 500 S.W.2d 953 (Tex.App.—Houston [1st Dist.1973, writ ref'd n.r.e.). Once the easement is properly established, the trial court has the equitable powers "to fix and establish the exact location" of the established easement "which would be reasonably sufficient for the accomplishment of the purposes intended." The point is overruled.

In points of error, 14, 15, 16 and 17, appellants complaint focuses on the part of the court's judgment which imposes an obligation on appellants to participate in the maintenance and repair of the implied road easement. They contend that they should not be so burdened. We agree. "A dominant owner has a duty to maintain, improve, or repair the easement at no ex-

pense to the servient owner." *Sisco v. Hereford*, 694 S.W.2d at 7.

One of the requirements of an implied easement is "that nothing is required of the grantor to perpetuate the easement. The easement which is implied is a negative one: that the grantor simply not interfere." *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 212 (Tex.1962).

■ The easement here was an implied easement which the Texas Supreme Court describes as "a negative one." The expenses of maintenance and repair of such an easement should not be taxed against appellants, the servient owners. Thus, the court's judgment should be reformed to eliminate that part which imposes an obligation for the maintenance and repair of the easement upon the appellants.

Finally, appellants contend the trial court committed reversible error in admitting the prior testimony of Oscar Hein into evidence because the proper foundation was not laid for its admission. Appellants center their complaint on two grounds, (a) no proof that Oscar Hein was deceased was offered, and (b) appellee's Exhibit No. 27 was received without proper authentication.

At trial, appellants' counsel made the following remarks to the court when objections were being made on the subject:

... the following are not excluded if the declarant is unavailable as a witness. ... And then it talks about former testimony. *That certainly takes care of a hearsay objection that, we might have because, obviously, Mr. Hein, by the agreement of all parties, is now deceased and he is definitely unavailable to testify.* However, it does not take care of the requirement under Rule 901 that the former testimony be authenticated." (emphasis added)

Here, appellants deliberately led the court to believe that an agreement existed between the parties and that there was no issue concerning the fact that Mr. Hein was deceased. On appeal, they now contend that no proof was offered. The record reflects that the parties stipulated, as admitted by appellants' counsel, that Oscar Hein was deceased. The argument

is inconsistent with appellants' contentions at trial.

Appellants concede that the sufficiency of the predicate in such a case lies within the discretion of the trial court, and appellants have the burden of showing abuse of discretion in order to disturb the court's ruling on appeal. *A.F. Conner & Sons v. Tri–County, etc.*, 561 S.W.2d 466, 471 (Tex. 1978).

When concerned with the admissibility of prior testimony, "absent a question of diligence, the problem becomes one of fairness to the respective parties, together with the orderly and expeditious administration of justice, under the facts and circumstances shown to the trial court." *A.F. Conner & Sons, supra* at 472. Further, it is well recognized that a trial court may take judicial notice of its own records in a cause involving the same, or practically the same parties. *Garner v. Martin*, 345 S.W.2d 274, 276 (Tex.1961).

The record reveals the trial court here was shown 1) that all the parties agreed Mr. Hein was deceased; 2) that Mr. Hein had testified at an earlier trial involving the same or practically the same parties in Cause No. 33,324 entitled *Jackie Hereford, et vir. et al. v. Helen Pena, et al*, which was presided over by the same judge; 3) that appellees' Exhibit No. 27 consisted of Volume I and Volume IV of the Statement of Facts which contained the prior testimony of Mr. Heins; and 4) that the Statement of Facts of Cause No. 33,324 were authenticated by the same judge presiding in the case before us. Fairness prevailed and appellants have failed to show abuse of discretion. The point is overruled.

The judgment is reformed to delete that portion which imposes an obligation for maintenance and repair of the easement upon appellants, TEX.R.APP.P. 80(b).

As reformed, the judgment is affirmed.