Esteban ESCAMILLA, Appellant,

v.

ESTATE OF Anselmo Garza ESCAMILLA by Independent Executor Rito ESCAMILLA and Bruna Escamilla, Appellees.

No. 13–94–390–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 15, 1996.

Rehearing Overruled April 18, 1996.

Sam R. Fugate, Fugate & Hitchens, Kingsville, for appellant.

Richard J.W. Nunez, Brownsville, for appellees.

Before SEERDEN, C.J. and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Chief Justice.

Esteban Escamilla appeals from a judgment against him setting aside his deed to a one-acre tract with a house on it and substituting a corrected deed to a vacant one-acre tract. Trial was to the court without a jury. By two points of error, Esteban challenges the legal sufficiency of the evidence to support the judgment and argues that the present action was barred by the statute of limitations. We affirm.

Anselmo and Bruna Escamilla conveyed one-acre tracts of land from their twenty-acre family farm to each of their three sons, Anselmo, Jr., Rito, and Esteban, by deed dated April 12, 1984. The tracts deeded to Anselmo, Jr. and Rito were vacant. However, the land deeded to Esteban was the tract on which his parents' house was located. Subsequently, Anselmo, Sr. died.

Appellees, Bruna and the estate of Anselmo, Sr., filed the present lawsuit on January 4, 1988, alleging that Esteban had fraudulently and by use of threats taken the property from Bruna, and asking for the return of the property from Esteban. After the first trial in 1990, the trial court set aside the 1984 deed. This Court reversed this judgment on the ground that the pleadings failed to ask for reformation of a deed or even mention the 1984 deed to Esteban which is presently in contention. Accordingly, we remanded to the trial court in the interest of justice to allow appellees to replead their action for reformation. *Escamilla v. Estate of Escamilla,* 805 S.W.2d 886 (Tex.App.—Corpus Christi 1991, no writ).

On May 27, 1993, appellees filed Plaintiff's First Supplemental Petition alleging that the 1984 deed was the result of mistake and asking for reformation to reflect the true intent to convey a vacant tract to Esteban. After a second trial, the trial court entered judgment again setting aside the 1984 deed and upholding the later conveyance by Bruna of the vacant tract originally intended to be conveyed to Esteban. From this second judgment, Esteban again appeals.

By his first point of error, Esteban complains that there was no evidence to show a mistake in the original conveyance. A party is entitled to reformation of a deed upon proving the party had reached an agreement with the other party but the deed did not reflect the true agreement because of a mutual mistake. Moreover, unilateral mis-

take by one party, and knowledge of that mistake by the other party, is equivalent to mutual mistake. *Davis v. Grammer,* 750 S.W.2d 766, 768 (Tex.1988).

Bruna had apparently testified at the first trial that it was not their intention to convey the house to Esteban. However, by the time of the second trial, Bruna had died. Appellees nevertheless asked, and the trial court agreed, to take judicial notice of Bruna's testimony from the first trial.

■ A trial court may generally take judicial notice of its own records in a case involving the same subject matter between the same or practically the same parties. *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274, 276 (1961); *Briones v. Solomon,* 769 S.W.2d 312, 319 (Tex.App.—San Antonio 1989, writ denied); *McCurry v. Aetna Casualty and Surety Co.,* 742 S.W.2d 863, 867 (Tex.App.—Corpus Christi 1987, writ denied).

■ However, testimony from a previous trial cannot be considered by the trial judge at a subsequent trial unless it is admitted into evidence at the subsequent proceeding. *Amco Mesh & Wire Co. v. Stewart,* 474 S.W.2d 740, 741–42 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ). Accordingly, in order for testimony at a prior hearing or trial to be considered at a subsequent proceeding, the transcript of such testimony must be properly authenticated and entered into evidence. *See Briones,* 769 S.W.2d at 319; *Ex parte Turner,* 478 S.W.2d 256, 258 (Tex.Civ. App.—Houston [1st Dist.] 1972, orig. proceeding). Texas Rule of Civil Evidence 804(b)(1) specifically provides for such prior testimony to come into evidence when the witness is presently unavailable. *See Celotex Corp. v. Tate,* 797 S.W.2d 197, 205 (Tex. App.—Corpus Christi 1990, no writ).

■ In the present case, however, appellees failed to offer a transcript of Bruna's prior testimony into evidence at the second trial. The trial judge's own memory of what the witness may have said at the prior proceeding is insufficient to substitute for an accurate and properly authenticated record of that testimony. Accordingly, whatever Bruna's testimony may have been at the first trial, such testimony was not properly before

the trial court at the second trial and provides no evidence concerning the intent of the parties regarding the conveyance.

■ Without Bruna's testimony, Rito and his wife Anita were left as the only surviving witnesses at the second trial who were able to testify directly to his parents' intent not to convey their house to Esteban. Rito testified that his parents had told him that they intended to give each of their children, including Esteban, only a vacant one-acre tract. Rito further testified that Esteban knew that his parents intended to give him the vacant tract, but instead had a survey taken of the tract on which the house stands and gave the survey description to his parents for inclusion in the deed to him. Accordingly, Esteban knew that he was getting a deed to property that his parents never intended to give him. Rito finally testified that his mother told him several times afterward that when she signed the first deed she thought that she was giving Esteban the vacant tract instead of the tract on which her house stands.

Esteban correctly points out that Rito's testimony concerning statements made by his deceased parents must have been corroborated under the Dead Man's Statute, Texas Rule of Civil Evidence 601(b), which provides generally that "[i]n actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any oral statement by the testator, intestate or ward, unless that testimony to the oral statement is corroborated...." *See Quitta v. Fossati,* 808 S.W.2d 636, 641 (Tex.App.—Corpus Christi 1991, writ denied).

■ Corroborating evidence may come from any other competent witness or other legal source. *Id.* It must tend to support some of the material allegations or issues which are raised by the pleadings and testified to by the witness whose evidence is sought to be corroborated. *Id.* Corroborating evidence, however, need not be sufficient standing alone to support the verdict, but must tend to confirm and strengthen the

testimony of the witness and show the probability of its truth. *Id.* at 641–42.

In the present case, Anita testified that she was present with Rito when his parents told him that they wanted to give Esteban an acre that was located behind their house. Anita further testified that she witnessed a later argument between Bruna and Esteban over who owned the house. During that argument Esteban claimed that he had been given the house, but Bruna maintained that she owned it and that Esteban had been given a separate acre. Anita's testimony clearly corroborated Rito's concerning his parents' intent not to convey to Esteban the acre on which their house stood. Moreover, the testimony of Rito and Anita provided sufficient evidence of a mistake in the original 1984 deed to support the trial court's judgment. Appellant's first point of error is overruled.

By his second point of error, Esteban complains that appellees' claim for reformation was barred by the statute of limitations.

 A suit for reformation of a deed based on mutual mistake is subject to the residual four-year statute of limitations. Tex.Civ.Prac. & Rem.Code Ann. § 16.051 (Vernon 1986); *see Dickens v. Harvey,* 868 S.W.2d 436, 440 (Tex.App.—Waco 1994, no writ); *Lathem v. Richey,* 772 S.W.2d 249, 253 (Tex.App.—Dallas 1989, writ denied).

 Generally, the grantor is charged with knowledge of all defects in a deed and the statute of limitations begins to run on the date of the deed's execution with regard to a claim for reformation. *See Sullivan v. Barnett,* 471 S.W.2d 39, 45 (Tex.1971); *Dickens,* 868 S.W.2d at 440; *Lathem,* 772 S.W.2d at 253. The discovery rule may extend limitations until the party seeking reformation knew, or in the exercise of reasonable diligence should have known, of the mistake in the deed. *See Sullivan,* 471 S.W.2d at 45; *Dickens,* 868 S.W.2d at 440. However, even with the application of the discovery rule, the grantor is presumed to know of the mistake by the time he or she makes any attempt to correct that mistake. *See Love v. Woerndell,* 737 S.W.2d 50, 52 (Tex.App.—San Antonio

1987, writ denied) (execution of a revocation deed).

 In the present case, appellees had knowledge of the mistake in the 1984 deed since the date that they originally sought to correct that mistake by means of a March 18, 1987, correction deed from Bruna to Esteban. The original petition filed in 1988 would have been timely had it raised the present cause of action for reformation. However, even with the help of the discovery rule, the 1993 amendment was filed outside the period of limitations, which Esteban asserted as an affirmative defense to the reformation action raised in the amendment. Accordingly, the present limitations defense depends entirely on whether the subsequently-filed action for reformation relates back to the original petition filed in 1988.

Texas Civil Practice and Remedies Code § 16.068 (Vernon 1968), provides:

> If a filed pleading relates to a cause of action, cross action, counter claim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct or different transaction or occurrence.

 In order to relate back to the original pleading, an amended pleading which changes the facts or grounds of liability or defense must not be wholly based on a new, distinct or different transaction or occurrence. *Leonard v. Texaco, Inc.,* 422 S.W.2d 160, 163 (Tex.1967); *Pineda v. P.M.I. Mortgage Ins. Co.,* 843 S.W.2d 660, 667–68 (Tex. App.—Corpus Christi 1992), *writ denied,* 851 S.W.2d 191 (Tex.1993); *Lathem,* 772 S.W.2d at 255; *Meisler v. Republic of Texas Sav. Ass'n,* 758 S.W.2d 878, 881–82 (Tex.App.—Houston [14th Dist.] 1988, no writ).

 Section 16.068 is a remedial statute which should be liberally construed to protect litigants from loss of their claims. Accordingly, we liberally read the original pleading to determine whether the claims added by amendment are based on transactions or occurrences new, distinct, or differ-

ent from those upon which the claims made in the original pleading are based. *Milestone Properties, Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 116 (Tex.App.—Austin 1993, no writ).

In the present case, both the original petition and the subsequent amendment concern the rights of the parties to the ownership and possession of the lot on which the house stands. While the original petition assumed implicitly, but incorrectly, that title remained in Bruna as a result of the correction deed, the subsequent amendment properly alleged that a mistake had been made in the original deed and that it should be reformed to reflect title in Bruna. Nevertheless, both the original claims in the nature of trespass and the amended claim for reformation arise out of the same transaction or occurrence—the dispute between Esteban and Bruna over ownership and right to possession of the subject property. Accordingly, we hold that the amendment relates back to the original petition to prevent limitations from running on the claim for reformation. Appellant's second point of error is overruled.

We AFFIRM the judgment of the trial court.