OPINION

 
No. 04-05-00345-CV

IN RE SHELL E&P, INC., AND SWEPI, L.P.

Original Mandamus Proceeding





Opinion by:    Phylis J. Speedlin, Justice

Sitting:            Karen Angelini, Justice
                        Phylis J. Speedlin, Justice
                        Rebecca Simmons, Justice

Delivered and Filed: August 31, 2005

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

            The relators, Shell E&P, Inc. and SWEPI, L.P. (collectively “Shell”), seek mandamus relief
from an order compelling the production of documents owned by Shell but in the temporary custody
of attorneys Michael B. Silva and Paul F. Simpson, formerly of Silva & Simpson, L.L.P., and
McGinnis, Lochridge & Kilgore, L.L.P. (collectively the “Attorneys”). The Attorneys are the
defendants in the underlying fee dispute lawsuit brought by their former clients, Arnoldo Casas,
Carolina Casas, Ferman Casas, Jr., Juanita P. Casas, Irene Casas, Santos R. Casas, Servando Casas,
Yolanda Casas, Johnny Lane III, Lydia C. Pena, Ruben Pulido, and Clementina C. Pulido
(collectively the “Casas”), arising out of prior litigation between Shell and the Casas. Because we
conclude that the trial court abused its discretion in holding that Shell had no standing to object to
the disclosure of its documents and in compelling production of the Shell documents, we
conditionally grant the writ of mandamus.
Factual and Procedural Background
            In October 2000, the Casas employed attorneys Michael B. Silva and Paul F. Simpson of
Silva & Simpson, L.L.P, to represent them with respect to certain of their oil and gas interests in
Duval County, Texas. Silva’s and Simpson’s compensation was based on a contingency fee
agreement with the Casas. Silva and Simpson subsequently filed suit against Shell on behalf of the
Casas, alleging that Shell’s failure to drill on the Casas’ property had caused them damages (the
“Shell lawsuit”).


 While the Shell lawsuit was pending, Silva and Simpson joined the law firm of
McGinnis, Lochridge & Kilgore, but continued to represent the Casas. In May 2004, the Shell
lawsuit was settled for a confidential amount; however, a dispute over the Attorneys’ fees arose. The
Casas subsequently filed suit against the Attorneys alleging causes of action for breach of contract,
deceptive trade practices and fraud, and seeking an accounting.



            In connection with their pending suit against the Attorneys, the Casas requested the release
of their original case file from the Shell lawsuit. The Attorneys delivered the Casas’ case file, but
withheld certain documents that had been produced by Shell pursuant to the terms of an “Unopposed
Protective Order Regarding Confidentiality” (the “Protective Order”) which was signed by Judge
Gabert and entered in the Shell lawsuit. In response, the Casas filed a motion to compel the
Attorneys to release the original case file, including the retained Shell documents which were
described as: “(a) well logs, data and communications related thereto; (b) depletion plans and related
communications; (c) exploration plans, data and communications related thereto; (d) documents and
communications (including many emails) regarding the negotiation, acquisition and sale of interests;
and (e) one deposition given by a member of Shell’s in-house computer department” (the “Shell
documents”). The Attorneys filed a response stating they are prohibited from releasing the Shell
documents to the Casas by the terms of the Protective Order, which restricts disclosure of
information designated as “confidential” to only “qualified persons” for the limited purpose of the
Shell lawsuit.


 The Attorneys argued they have only temporary custody of the Shell documents, and
do not have legal possession or control of the documents.
            The trial court held a hearing on the Casas’ motion to compel on May 16, 2005. Shell’s
attorney appeared at the hearing and objected to production of the Shell documents because it would
violate the Protective Order.


 The Casas argued that Shell had no standing to object to a discovery
request made in the fee lawsuit to which it was not a party. The trial court permitted Shell’s attorney
to participate in the hearing, but subsequently sustained the Casas’ objection and ruled that Shell had
no standing to object to production of the Shell documents. On May 17, 2005, the trial court entered
two orders: (1) an order sustaining the Casas’ objection to the appearance of Shell’s counsel and
striking the Shell attorney’s statements from the record of the motion to compel hearing; and (2) an
order compelling the Attorneys to promptly deliver the Casas’ original file including the previously
retained Shell documents. Shell filed this petition for mandamus challenging the trial court’s orders,
along with a motion for a temporary stay. We granted the motion for temporary relief. 
Standard of Review
            Mandamus relief is available only when a trial court clearly abuses its discretion and when
there is no adequate remedy on appeal. In re Kuntz, 124 S.W.3d 179, 180 (Tex. 2003) (orig.
proceeding). With respect to factual issues, an abuse of discretion is shown when it is clear from the
record that the trial court could have reasonably reached only one decision. Id. at 181; Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in
determining what the law is or in applying the law to the facts. Therefore, the trial court’s failure
to analyze or apply the law correctly, “as when a discovery order conflicts with the Texas Rules of
Civil Procedure,” will constitute an abuse of discretion and may result in appellate reversal by
extraordinary writ. Kuntz, 124 S.W.3d at 181; Walker, 827 S.W.2d at 840. A party does not have
an adequate remedy by appeal when the appellate court would not be able to cure the trial court’s
error in compelling discovery. Kuntz, 124 S.W.3d at 181; Walker, 827 S.W.2d at 843.
Analysis
            We first address the issue of whether Shell, a non-party in the underlying case, had standing
to object to the disclosure of documents admittedly owned by it but in the temporary custody of the
Attorneys under the terms of the Protective Order entered in the prior litigation. The Casas argue
that Shell filed no pleadings and presented no evidence in the trial court, and thus as a non-party had
no standing to object to the disclosure of its documents. We disagree. While Shell is not a party to
the fee lawsuit between the Casas and the Attorneys, Shell is a party to the agreed Protective Order
entered in the prior litigation between it and the Casas. There is no dispute that the Shell documents
sought by the Casas were designated “confidential information” and produced to the Attorneys under
the terms of the Protective Order for use only in the Shell lawsuit. The Protective Order provides
that confidential documents produced by Shell must be returned to Shell at the conclusion of the
litigation, but permits the Attorneys to retain one original or copy of the documents for 24 months
after conclusion of the litigation, subject to the continuing effect of the Protective Order. As noted,
the Shell lawsuit was resolved through settlement and has thus been concluded. As permitted, the
Attorneys have retained custody of the Shell documents during the 24-month period following the
settlement. The Protective Order expressly states that its provisions continue to be binding after
conclusion of the Shell lawsuit.
            Under Rule 192.6(a) of the Texas Rules of Civil Procedure, Shell had the right to object to
disclosure of its confidential documents and to seek enforcement of the Protective Order in the
underlying case. Tex. R. Civ. P. 192.6(a) (providing that “any ... person affected by” a discovery
request may object, assert a privilege, or move for a protective order). In a similar discovery dispute,
the Texas Supreme Court recently acknowledged that a non-party owner of documents has the right
to seek protection from disclosure of its documents under Rule 192.6(a). Kuntz, 124 S.W.3d at 184
n.4 (also noting that the plaintiff may seek production of the documents directly from the non-party
owner under Tex. R. Civ. P. 205). As in this case, the owner of the documents in Kuntz was not a
party and had not made a formal appearance in the underlying case, but participated in the discovery
proceedings by objecting to the disclosure of its documents which were subject to a confidentiality
agreement. Id. at 182-83 (owner of the documents appeared as amicus). Here, counsel for Shell was
served with a copy of the Casas’ motion to compel listing Shell as a “potentially interested party,”
and appeared at the hearing after learning of the setting a few days before. Shell participated in the
hearing over the Casas’ objection, and argued that the Attorneys’ disclosure of the Shell documents
was prohibited by the Protective Order. Counsel also warned that Shell would sue the Attorneys if
the documents were disclosed in violation of the Protective Order.
            We conclude that Shell, as the non-party owner of the documents, had the right under Rule
192.6(a) to seek protection from disclosure of its documents in the trial court, whether through an
objection, assertion of privilege, motion for a protective order, or motion for enforcement of an
existing protective order. Id. at 184 n.4. The trial court’s May 17, 2005 order holding that Shell
lacks standing to object to the disclosure of its documents conflicts with Rule 192.6(a) of the Texas
Rules of Civil Procedure; therefore, we hold the trial court clearly abused its discretion. Id. at 181
(failure of trial court to analyze or apply the law correctly, such as when discovery order conflicts
with rules of civil procedure, constitutes abuse of discretion); see also Walker, 827 S.W.2d at 840.
            We next determine whether the trial court clearly abused its discretion in compelling
production of the Shell documents. Shell’s objection, as well as the Attorneys’ objection, was that
the Attorneys did not have legal possession of the Shell documents, only temporary custody under
the terms of the Protective Order, and that disclosure of the Shell documents to the Casas would
subject them to potential liability for violating the Protective Order. First, we address the Casas’
argument that because the Protective Order was not filed in the underlying fee dispute case, it was
not before the trial court when it ruled on the motion to compel. This argument is disingenuous. It
is clear from the record of the hearing on the motion to compel, as well as from references in the
Casas’ own motion to compel, the Attorneys’ response and the trial court’s order, that the trial judge
and all the interested parties were well aware of the existence and terms of the Protective Order
entered in the Shell lawsuit. In fact, the Protective Order was agreed to by the Casas and was entered
by the same trial judge who presided over the motion to compel hearing. Moreover, the Casas did
not raise any objection in the trial court that the Protective Order, referred to by all participants and
the judge, was not properly before the court in the discovery proceeding.


 The trial judge was
entitled to take judicial notice of his own prior order entered in a related case between substantially
the same parties. Tex. R. Evid. 201(c) (trial court may take judicial notice of adjudicative facts,
whether requested or not); see Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274, 276 (Tex. 1961);
Briones v. Solomon, 769 S.W.2d 312, 319 (Tex. App.—San Antonio 1989, writ denied); Sierad v.
Barnett, 164 S.W.3d 471, 481 (Tex. App.—Dallas 2005, no pet.) (trial court need not announce it
is taking judicial notice).
            Finally, with respect to the merits of Shell’s petition, Shell does not dispute that the Casas
are entitled to production of their client case file from the Shell lawsuit. The issue is whether the
Attorneys must also produce the confidential Shell documents that were disclosed during the prior 
lawsuit under the terms of the Protective Order. Rule 192.3(b) provides that a party may obtain
discovery of relevant documents, and that a person is required to produce such documents that are
within the person’s “possession, custody, or control.” Tex. R. Civ. P. 192.3(b). “Possession,
custody, or control” of an item for purposes of discovery is defined as “physical possession of the
item or ... a right to possession of the item that is equal or superior to the person who has physical
possession of the item.” Tex. R. Civ. P. 192.7(b); see GTE Communications Sys. Corp. v. Tanner,
856 S.W.2d 725, 729 (Tex. 1993) (the phrase “possession, custody or control” within the meaning
of Rule 192.3(b) includes actual physical possession, constructive possession, and the right to obtain
possession from a third party such as an agent or representative).
            In Kuntz, the Supreme Court held that a person’s mere access to a document does not
constitute “physical possession” of the document under the definition of “possession, custody or
control” stated in Rule 192.7(b). Kuntz, 124 S.W.3d at 184. There, Kuntz’s ability to access
confidential documents that his corporate employer had prepared for a business client did not
constitute possession of the documents within the meaning of the discovery rules. Id. In addition,
Kuntz’s production of the documents would have violated the confidentiality agreement with his
employer, and the consulting agreement between his employer and its client, thereby subjecting him
to potential liability. Id. Under Kuntz, it is clear that the Attorneys do not have legal possession of
the Shell documents within the meaning of Rule 192.3(b). In addition, as in Kuntz, requiring the
Attorneys to produce the Shell documents to the Casas would force them to violate the Protective
Order, and subject them to a potential suit for damages by Shell. See id.
            The Casas alternatively argue that disclosure of the Shell documents to them would not
violate the Protective Order because as parties they are “qualified persons” to whom the Protective
Order permits disclosure. We disagree. The Protective Order’s definition of a “qualified person”
limits permissible disclosure to “parties ... to whom disclosure of Confidential Information is
reasonably necessary for purposes of the administration, preparation, trial, or appeal of this
Litigation.” The litigation to which the Protective Order refers is the Shell lawsuit, which has been
concluded. As the Casas also recognize, their suit against the Attorneys constitutes a separate and
distinct, although related, case. Disclosure of the Shell documents to the Casas in this fee dispute
case would violate the continuing terms of the Protective Order.
            Accordingly, we hold the trial court abused its discretion in finding that Shell did not have
standing to object to disclosure of its documents under Rule 192.6(a), and in compelling production
of the Shell documents that are subject to a Protective Order between the Casas and Shell. We
further hold that Shell does not have an adequate remedy by appeal. See Kuntz, 124 S.W.3d at 184. 
Therefore, we conditionally grant the writ of mandamus. The writ will only issue if the trial judge
fails to withdraw his May 17, 2005 orders holding Shell lacks standing and compelling production
of the Shell documents within ten days from the date of our opinion and order.
 
                                                                                    Phylis J. Speedlin, Justice