

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-11-00319-CV

**JUDITH HOCE HOLMES,**

                                           **Appellant**

 **v.**

**SHIRLEY AL JAAFREH,**

                                           **Appellee**

---

### From the County Court at Law
### Walker County, Texas
### Trial Court No. 10597CV

---

## MEMORANDUM OPINION

---

Proceeding pro se (as she also does in this appeal), Judith Hoce Holmes sued her then-landlord, Shirley Al Jaafreh, in justice court for judicial remedies under Property Code section 92.0563, which sets out a tenant's remedies for a landlord's liability to repair under section 92.056.[1] *See* TEX. PROP. CODE ANN. §§ 92.056, 92.0563 (West Supp. 2012). Holmes sought to compel Al Jaafreh to use a licensed electrician to repair the breaker box in her mobile home, and she also sued for a civil penalty of one month's

---

[1] This case is related to seven utility interruption and restoration suits that Holmes had previously filed against Al Jaafreh. *Holmes v. Al Jaafreh,* No. 10-11-00148-CV (Tex. App.—Waco May 30, 2013, no pet. h.).

rent plus $500.[2]  *See id.* § 92.0563(a)(1, 3).  For the condition that materially affected

Holmes's health and safety, *see id.* § 92.056(b)(2), Holmes's petition states:  "Breakers in

box melted, some breakers removed (4 or 5) and wiring consolidated on remaining

breakers creating a serious fire hazard."  Al Jaafreh filed a general denial.  The justice

court denied relief, and Holmes appealed to the county court in a de novo proceeding.

In the hearing in this case, the trial court sua sponte questioned why Holmes's

claim was not barred by res judicata and collateral estoppel.  Holmes explained what

her complaint was about ("The complaint is still that I don't have safe, usable

electricity.") and that, unlike her prior utility interruption and restoration suits, she was

seeking to have an electrician repair her breaker box, rather than Al Jaafreh and her

handyman, David Ramirez, whom Holmes alleged was not a licensed electrician.[3]

No evidence was offered at the hearing, and on the record the trial court sua

sponte dismissed this case on grounds of res judicata and collateral estoppel.  In so

ruling, it appears that the trial court was taking judicial notice of the evidence in

Holmes's prior utility interruption and restoration cases.[4]  The trial court subsequently

entered an order dismissing Holmes's claim on the ground that it was barred by res

judicata and collateral estoppel.  Al Jaafreh had not pleaded res judicata or collateral

---

[2] In her brief, Holmes notes that because she no longer lives in the mobile home, she no longer seeks the requested repair, but she still seeks other appropriate relief.

[3] In three of her seven utility interruption and restoration suits, Holmes sought to have her electrical service restored and sought statutory penalties.  *Holmes,* No. 10-11-00148-CV, slip. op. at 1, 11-13.  In two of the three cases (Nos. 10-11-00151-CV and 10-11-00152-CV), there was testimony that Holmes had turned off her electricity because of her concerns about the breaker box and that she was refusing to allow Ramirez to inspect or work on the breaker box.  *Id.* slip. op. at 12-13.

[4] Al Jaafreh did not request the trial court to take judicial notice of the prior proceedings, nor did the trial court state on the record that it was taking judicial notice of them.

estoppel as affirmative defenses, and she had not filed a motion seeking dismissal or summary judgment. Holmes appeals, asserting in her sole issue that the evidence is legally and factually insufficient to support the trial court's dismissal judgment.[5]

Because no evidence was offered at the hearing, the only possible evidentiary support for the dismissal judgment on res judicata and collateral estoppel grounds is the trial court's judicial notice of the prior testimony in Holmes's utility interruption and restoration cases.

> A trial court may generally take judicial notice of its own records in a case involving the same subject matter between the same or practically the same parties. *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274, 276 (Tex. 1961); *Briones v. Solomon*, 769 S.W.2d 312, 319 (Tex. App.—San Antonio 1989, writ denied); *Escamilla v. Estate of Escamilla*, 921 S.W.2d 723, 726 (Tex. App.—Corpus Christi 1996, writ denied).

> However, testimony from a previous trial cannot be considered by the trial judge at a subsequent trial unless it is admitted into evidence at the subsequent proceeding. *FH1 Fin. Serv., Inc. v. Debt Settlement Am., Inc.*, No. 10-06-00199-CV, 2007 Tex. App. LEXIS 6502 at *4 (Tex. App.—Waco August 15, 2007, no pet.); *Escamilla*, 921 S.W.2d at 726 (citing *Amco Mesh & Wire Co. v. Stewart*, 474 S.W.2d 740, 741-42 (Tex. Civ. App.—Houston [1st Dist.] 1971, no writ)); *Traweek v. Larkin*, 708 S.W.2d 942, 946-47 (Tex. App—Tyler 1986, writ ref'd n.r.e.).

> The trial judge's own memory of what the witness may have said at the prior proceeding is insufficient to substitute for an accurate and properly authenticated record of that testimony. *Escamilla*, 921 S.W.2d at 726. A fact is not capable of accurate and ready confirmation simply because a trial judge remembers that a witness testified to it in trial. *Garza*, 996 S.W.2d at 280. While a court may take judicial notice of the existence of the testimony in a co-defendant's trial, as the trial court did in this case, a court may not take judicial notice of the truth of the factual content of that testimony because its accuracy can reasonably be

---

[5] Holmes has not asserted as issues in this appeal that res judicata and collateral estoppel were not pleaded by Al Jaafreh as affirmative defenses or that Al Jaafreh did not move for dismissal on those grounds. Nor does she complain about the trial court's sua sponte action. We thus do not address those issues.

questioned. *Resendez v. State*, 256 S.W.3d 315, 324 (Tex. App.—Houston [14th Dist.] [2007], *rev'd on other grounds*, 306 S.W.3d 308 (Tex. Crim. App. 2009].

A trial judge may not even judicially notice testimony that was given at a temporary hearing in a family law case at a subsequent hearing in the same cause without admitting the prior testimony into evidence. *May v. May*, 829 S.W.2d 373, 376 (Tex. App.—Corpus Christi 1992, writ denied); *Wilson v. Wilson*, 132 S.W.3d 533, 538 (Tex. App.—Houston [1st Dist.], pet. denied). Further, while a court may judicially notice the existence of an affidavit in its file, it may not take judicial notice of the truth of the factual contents contained therein. *Jackson v. State*, 139 S.W.3d 7, 21 (Tex. App.—Fort Worth 2004, pet. ref'd).

Accordingly, in order for testimony at a prior hearing or trial to be considered at a subsequent proceeding, the transcript of such testimony must be properly authenticated and entered into evidence. *FH1 Fin.*, 2007 Tex. App. LEXIS 6502 at *4; *Briones*, 769 S.W.2d at 319; *Ex parte Turner*, 478 S.W.2d 256, 258 (Tex. Civ. App.—Houston [1st Dist.] 1972, orig. proceeding).

*Davis v. State,* 293 S.W.3d 794, 797-98 (Tex. App.—Waco 2009, no pet.).

Because the trial court could not take judicial notice of the evidence from the prior proceedings, there is no evidence to support judgment for Al Jaafreh on res judicata and collateral estoppel grounds. Accordingly, we sustain the legal insufficiency complaint in Holmes's sole issue. We reverse the trial court's judgment and remand this case for further proceedings.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Reversed and remanded
Opinion delivered and filed May 30, 2013
[CV06]