

# NUMBER 13-13-00591-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                          **Appellant,**

**v.**

ALFONSO LONGORIA,                                                   **Appellee.**

## On appeal from the 117th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Garza**

Appellee Alfonso Longoria was indicted for evading arrest or detention using a vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West, Westlaw through 2013 3d C.S.). Longoria filed a motion to dismiss the indictment based on principles of double jeopardy and collateral estoppel. *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 14; TEX. CODE CRIM. PROC. ANN. arts. 1.10, 27.05–.07 (West,

Westlaw through 2013 3d C.S.). The trial court granted the motion and the State of Texas has appealed. We reverse and remand.

## I. BACKGROUND

The indictment alleged that Longoria, "on or about July 15, 2013, in Nueces County, Texas, did then and there, while using a vehicle, intentionally flee from CHRISTOPHER ALEJANDRO, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant . . . ."

Longoria's motion, entitled "Special Plea of Double Jeopardy and Motion to Dismiss Based Upon Collateral Estoppel," contended that he "has already been prosecuted for the same offense arising out of the same criminal episode in a contested Motion to Revoke Probation hearing that took place on occurred on [sic] August 15, 2013."[1] Longoria further alleged that "this former prosecution resulted in findings of 'TRUE' with respect to the allegations that Defendant committed the instant offense." The motion stated that a copy of the order evidencing the "former prosecution" was attached thereto, but no such order appears in the record. The State did not file a written response to the motion.

The trial court announced its ruling in open court on November 8, 2013, prior to hearing any argument from counsel. The trial court related that she had viewed the transcript of the prior revocation hearing and that, according to the transcript, Longoria "pled not true to everything, except for allegation number 1, which was the evading [arrest allegation]." The trial court stated:

> We went forward, we had a full evidentiary hearing. We had witnesses called by the State to prove the offense and witnesses called by the Defense

[1] Although the title of the motion referenced the doctrine of double jeopardy, the argument contained therein relies exclusively on the doctrine of collateral estoppel.

2

as well. At the conclusion of that hearing I found that it was true on allegation number 1, that he had evaded. Interesting, what occurred, had I found not true, I don't think there is any question the State could have proceeded with regards to their pending indictment, and that's what it was, it was an A.R.[2] case at the time we did the motion to revoke, because the burden of proof is different. However, when I did "true", basically I think there is collateral estoppel that estops the State from proceeding on the A.R., the same cause of action, you're going to call the same officers to prove the same set of circumstances, and I have already—that—that has already been well litigated. So, I don't—I cannot find anything that substantiates that it goes the opposite way. Again, had I said "not true", boom, it would have been.

I read through everything you presented with me—or presented to me. And I—I read the cases, etc., and it is my position I am going to grant the Defendant's motion on the basis of collateral estoppel.

After announcing its ruling, the trial court permitted the prosecutor to make arguments in order to preserve them for appeal. The prosecutor argued that, according to case law, collateral estoppel should not apply because "there was no negative finding[] for the State" in the earlier revocation proceeding. The trial court then reiterated that Longoria's motion to dismiss was granted on the basis of collateral estoppel.

Subsequently, on November 13, 2013, the trial court signed a written order granting Longoria's motion and dismissing the case with prejudice. This appeal followed.[3] *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West, Westlaw through 2013 3d C.S.) (providing that the State is entitled to appeal an order "dismissing an indictment, information or complaint or any portion of an indictment, information, or complaint").[4]

---

[2] The record does not reveal what "A.R." refers to.

[3] The State filed its notice of appeal on November 8, 2013, the day the trial court announced its ruling in open court but five days prior to the entry of the written order memorializing the ruling. The prematurely filed notice of appeal is effective and deemed filed on the same day, but after, the order was signed. Tex. R. App. P. 27.1(b).

[4] Longoria has not filed a brief to assist us in the resolution of this appeal.

## II. DISCUSSION

### A. Applicable Law and Standard of Review

The doctrine of collateral estoppel provides "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit relating to the same event or situation." *Murphy v. State*, 239 S.W.3d 791, 794 (Tex. Crim. App. 2007) (citing *Ashe v. Swenson*, 397 U.S. 436, 445 (1970)). The doctrine is embodied within the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment. *Id.* (citing U.S. CONST. amends. V, XIV; *Ashe*, 397 U.S. at 445); *see Ex parte Bolivar*, 386 S.W.3d 338, 343 (Tex. App.—Corpus Christi 2012, no pet.).

To decide whether collateral estoppel bars a subsequent prosecution, a court must determine (1) exactly what facts were necessarily decided in the first proceeding, and (2) whether those "necessarily decided" facts constitute essential elements of the offense in the second trial. *Murphy*, 239 S.W.3d at 795; *see Ex parte Taylor*, 101 S.W.3d 434, 441 (Tex. Crim. App. 2002) ("In each case, courts must review the entire trial record to determine—'with realism and rationality'—precisely what fact or combination of facts the jury necessarily decided and which will then bar their relitigation in a second criminal trial.") (quoting *Ashe*, 397 U.S. at 444). The defendant must meet the burden of proving that the facts in issue were necessarily decided in the prior proceeding. *Murphy*, 239 S.W.3d at 795; *see Guajardo v. State*, 109 S.W.3d 456, 460 (Tex. Crim. App. 2003) ("The burden is 'on the defendant to demonstrate, by examination of the record of the first

proceeding, that the [factual] issue he seeks to foreclose was actually decided in the first proceeding.'" (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)).

A decision to apply or not to apply collateral estoppel is a question of law applied to facts, for which de novo review is appropriate. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Bolivar*, 386 S.W.3d at 343.

## B.    Analysis

On appeal, the State contends that the trial court erred in granting Longoria's motion for two reasons:  (1) there is no evidence in the record establishing what was actually determined in the prior revocation proceeding; and (2) even if the evidence was sufficient to show the basis of the prior ruling, that ruling was not adverse to the State.[5]

We agree as to both reasons.  First, the record before this Court does not contain any evidence, such as the transcript of the revocation hearing, supporting the judgment on appeal.[6]  The Texas Court of Criminal Appeals' opinion in *Bradley v. State*, 564 S.W.2d 727 (Tex. Crim. App. 1978), is instructive in this regard.  There, the appellant was convicted of burglary and placed on probation, which the State moved to revoke on the grounds that appellant violated his probation terms by committing the criminal offense of

---

[5] The State also cites case law establishing that "revocation of probation based on the fact that the probationer committed a particular offense will not bar subsequent prosecution for the same offense on the grounds of double jeopardy."  *See, e.g., Champion v. State*, 590 S.W.2d 495, 497 (Tex. Crim. App. 1979). The concept underlying this rule is that the punishment received at the revocation hearing is not for the offense alleged in the motion to revoke, but rather for the original underlying offense. *See Ex parte Tarver*, 725 S.W.2d 195, 197 (Tex. Crim. App. 1986).  The State, however, does not explicitly assert that this law constitutes grounds for reversal, perhaps recognizing that the Texas Court of Criminal Appeals held in *Tarver* that collateral estoppel (unlike double jeopardy) may bar relitigation at trial of issues determined in a prior revocation hearing. *See id.* at 198.  Moreover, as noted, the trial court explicitly stated at the hearing that the motion was being granted on collateral estoppel grounds, not double jeopardy grounds.

[6] The State did not raise its first argument, concerning lack of evidence in the record, in response to Longoria's motion in the trial court.  But the argument essentially constitutes a complaint that the evidence was insufficient to entitle Longoria to judgment in his favor.  Accordingly, we find that the State was not required to preserve this issue for appeal.  *See* TEX. R. APP. P. 33.1(d) ("In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief.").

murder. *Id.* at 728. At the revocation hearing, the State asked the trial court to take judicial notice of testimony given by the appellant at his trial for the same murder, which had previously taken place in the same court, before the same judge, and which resulted in a hung jury. *Id.* The appellant objected on the basis that "this isn't a matter the Court could take judicial notice of." *Id.* at 729. The trial court overruled the objection, stating:

> I recall the trial and I recall the testimony. I want the record to show this is testimony that was heard in this court by this Judge and I want the record to further show that the Defendant was present at the time that the testimony was given, that he was represented by counsel at the time the testimony was given, and further that his right to confrontation and cross-examination of witnesses were reserved during that trial. For those reasons, I will take judicial notice of the proceedings in this court. . . .

*Id.* The trial court then revoked appellant's probation based solely on the prior testimony. *Id.* On appeal, appellant contended that it was "an abuse of discretion to revoke probation where the proof does not conform to the allegations set out in the motion to revoke," and that "the record here is devoid of evidence to support the allegation in the motion to revoke that appellant committed the offense of murder." *Id.* at 730. The court of criminal appeals agreed. *Id.* It rejected the State's argument that the appellant "made no attempt to include in this record a transcription of the court reporter's notes from the criminal trial of which judicial notice was taken." *Id.* Instead, it noted that "the complete record of the probation revocation proceeding has been made a part of the record on appeal" and held that "[i]t is not proper to require the appellant to go beyond that trial record to make the State's case against himself." *Id.* The Court elaborated:

> [W]e draw a distinction between the burden on the appellant to bring from the trial record the matter he relies on for appeal issues and the burden on the State to bring to the trial record the evidence it relies on to meet its burden of proof. Appellant has presented a complete record; the State did not meet its burden to present the material relied on to meet its burden of

6

proof in a manner capable of reflection in the trial record, so that a meaningful review could be had on the appellate record in this Court.

. . . .

Although this record reflects all that occurred at the hearing on the motion to revoke probation, it does not reflect the content of the matters judicially noticed by the trial court upon the State's motion and necessary to meet the State's burden of proof. While the theory allowing judicial notice of a fact is that the fact "is so easily determinable with certainty from sources considered reliable, it would not be good sense to require formal proof," this does not dispense with the requirement, for purposes of review, that the facts so noticed be apparent from the record. . . . The statement in the record that judicial notice was being taken of unstated facts is not a sufficient presentation of the matter relied on by the State to meet its burden of proof such as to be meaningful to this Court and to allow disposition of the issue raised in this appeal.

*Id.* at 730–31 (citations omitted).

The instant case is analogous to *Bradley*, though the roles and sequence of events are reversed. In *Bradley*, the State bore the burden to show that the appellant violated conditions of his probation; here, Longoria bore the burden to show that he was entitled to dismissal on the basis of collateral estoppel. In *Bradley*, the State sought to use prior trial testimony to meet its burden at a revocation hearing; here, Longoria seeks to use prior revocation hearing testimony to meet his burden to dismiss the indictment and avoid trial altogether. But in both cases, the party bearing the burden of proof benefitted from the trial court's taking of judicial notice of testimony given in a prior proceeding; and in both cases, the actual testimony being noticed was not made a part of the trial record. Here, as in *Bradley*, the appellant has furnished a complete trial record—and it would be improper for us to require the appellant to "go beyond that trial record" in order to make the case for its adversary. *See id.* at 730.

7

In accordance with *Bradley,* we hold that Longoria "did not meet [his] burden to present the material relied on to meet [his] burden of proof in a manner capable of reflection in the trial record, so that a meaningful review could be had on the appellate record in this Court." *See id.*[7] This is consistent with our judicial notice jurisprudence in the civil context, where we have previously held:

> A trial court may generally take judicial notice of its own records in a case involving the same subject matter between the same or practically the same parties. However, testimony from a previous trial cannot be considered by the trial judge at a subsequent trial unless it is admitted into evidence at the subsequent proceeding. Accordingly, in order for testimony at a prior hearing or trial to be considered at a subsequent proceeding, the transcript of such testimony must be properly authenticated and entered into evidence.

*Escamilla v. Estate of Escamilla*, 921 S.W.2d 723, 726 (Tex. App.—Corpus Christi 1996, writ denied) (citations omitted).

We also agree with the second reason asserted by the State. The Texas Court of Criminal Appeals has stated that "[t]he questions to be asked [in a collateral estoppel analysis] are: Has a fact issue already been determined, *adversely to the State*, in a valid and final judgment between the same parties? Is the State now trying to relitigate that

---

[7] In *Bradley*, the court of criminal appeals abated the appeal "with directions that the State have reduced to writing, and then present to the trial court for approval as a supplemental appellate record, the court reporter's notes of the testimony judicially noticed at the revocation hearing." 564 S.W.2d 727, 733 (Tex. Crim. App. 1978). However, the Court noted as follows:

> In abating this case we neither encourage nor suggest that the State in future cases of a similar posture should allow submission of the appeal without identification of the facts judicially noticed, with the expectation that an abatement may be ordered to allow perfection of the record. The number of abatements by this Court is already a considerable burden on the criminal justice system, and where adequate alternatives are available we will not add to that burden. In cases such as this adequate alternatives are available, and in future cases one of the procedures hereinafter described should be followed.

*Id.* at 731 (footnote omitted). In light of this holding, and in light of our finding herein that collateral estoppel is inapplicable in any event because the prior finding was not adverse to the State, abatement is not appropriate in this case.

same fact issue?" *Ex parte Tarver*, 725 S.W.2d 195, 199 (Tex. Crim. App. 1986), (emphasis added). The Fifth Circuit Court of Appeals has also stated that the doctrine of collateral estoppel bars relitigation of an issue only if the issue was first decided adversely to the State. *United States v. Mock*, 604 F.2d 341, 343 (5th Cir. 1979) (holding that, under *Ashe v. Swenson*, a collateral estoppel analysis comprises "two inquiries: First, what facts were necessarily determined in the first law suit? Second, has the government in a subsequent trial tried to relitigate facts necessarily established *against it* in the first trial? Facts so established in the first trial may not be used in the second trial either as ultimate or as evidentiary facts." (citations omitted, emphasis added)); *see Bolivar*, 386 S.W.3d at 344–45 ("[F]or collateral estoppel to apply, (1) there must be a fact-finding by the first court at the probation-revocation proceeding that illustrates the basis for the court's decision, and (2) that fact-finding must be *adverse to the State* on a fact elemental to the subsequent prosecution." (citations omitted, emphasis added)).

Here, although there is no evidence in the record establishing what exactly was found in the revocation proceeding, Longoria conceded in his motion that it resulted in a finding that the State's allegation of evading arrest was true. In other words, it is undisputed that the revocation proceeding did not result in a finding adverse to the State. Accordingly, collateral estoppel does not bar relitigation of the evading arrest charge. *See Mock*, 604 F.2d at 343, *Tarver*, 725 S.W.2d at 199; *Bolivar*, 386 S.W.3d at 344–45.

### III. Conclusion

For the foregoing reasons, the trial court erred in granting Longoria's motion to dismiss. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA,
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
30th day of December, 2014.