

# NUMBER 13-11-00397-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### EX PARTE RANDALL BOLIVAR

**On appeal from the 107th District Court
of Cameron County, Texas.**

# OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Opinion by Justice Perkes**

Appellant, Randall Bolivar, challenges the denial of his pretrial application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2005). By a single issue, appellant argues that the trial court (hereinafter "the Cameron County district court") should have granted his habeas-corpus application because collateral estoppel bars the State from prosecuting him for the murder of Aaron Castillo after the 105th District Court of Kleberg County, Texas (hereinafter "the Kleberg County district court") found the same murder allegation "not true" in a community-supervision revocation

proceeding.   We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In February 2007, the Kleberg County district court placed appellant on deferred-adjudication community supervision for a period of five years, after appellant pleaded guilty to the offense of possession of marihuana, a second-degree felony.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2003).   In May 2009, while appellant was still on community supervision, the State indicted appellant in Cameron County for the murder of Aaron Castillo (the present case).   Specifically, the indictment alleged that appellant "on or about the 2nd day of February, 2009 . . . did then and there intentionally or knowingly cause the death of an individual, namely, AARON CASTILLO, by shooting AARON CASTILLO with a firearm" in Cameron County, Texas.

In March 2011, the Kleberg County District Attorney filed an amended motion to revoke community supervision and to adjudicate guilt, alleging seventeen separate violations of the terms and conditions of appellant's community supervision.   Count 1 alleged that appellant "committed the offense of Murder on or about February 2, 2009 in Cameron County, Texas in violation of condition A of his community supervision."   The murder allegation did not name the victim.   Count 2 alleged that appellant "committed the offense of Aggravated Assault with a Deadly Weapon on or about February 2, 2009 against Aaron Castillo in Cameron County, Texas in violation of condition A of his community supervision."[1]

---

[1] The State also alleged in the amended revocation motion that appellant:  (1) "committed the offense of Aggravated Assault with a Deadly Weapon on or about February 2, 2009 against Agustin [sic] Castillo in Cameron County, Texas in violation of condition A of his community supervision;" (2) committed the offense of evading arrest/detention; (3) committed the offense of possession of marihuana on more than

2

## A.  The Kleberg County District Court's Revocation Hearing

In April 2011, the Kleberg County district court held a lengthy hearing on the State's revocation motion.  During the hearing, the State presented testimony from multiple witnesses, but only one of them testified about the murder allegation contained in Count 1 of the revocation motion.  Detective Chris Ortiz of the Brownsville Police Department testified that he investigated the murder of Aaron Castillo and that based on his investigation, appellant was arrested as the murder suspect.

Detective Ortiz testified that after his arrest, appellant initiated contact with the police in order to provide a statement.  After waiving his rights, appellant gave a statement which was videotaped.  Portions of appellant's video statement were played during the revocation hearing, but not transcribed into the reporter's record.[2]  The Kleberg County district court announced on the record that it watched appellant's video statement in its entirety during a recess.

Detective Ortiz further testified regarding appellant's statement.  Detective Ortiz testified that appellant told him that he was chasing a car that Aaron Castillo was driving because Aaron's passenger, Augustine Castillo, owed appellant money for drugs that appellant had "fronted" Augustine.  Appellant told Detective Ortiz that he was collecting the money for a man named "Checo," and that appellant was chasing Aaron and

one occasion; (4) committed the offense of bail jumping; (5) failed to report as directed for lengthy time periods; and (6) failed to pay the fine, restitution, and various fees.

[2]  The Kleberg County district court agreed to admit the entire video statement into evidence during the revocation hearing.  However, the copy that was admitted into evidence did not work properly. So, during a recess, the Kleberg County district court viewed the original of the entire video statement, and the State was to provide a functional copy to serve as the exhibit admitted into evidence.  The video statement was not made part of the habeas record and is not in the appellate record.

Augustine through a neighborhood to keep an eye on them until Checo arrived. Appellant told Detective Ortiz that he did not have a weapon, but that he saw Aaron get shot. Appellant said that neither he nor another man, named Rolando, shot Aaron. Appellant said Checo had a gun when he arrived at the scene, but appellant declined to confirm for police whether Checo shot Aaron. Appellant said he was scared to say whether Checo shot Aaron because Checo was a dangerous guy. The only information that appellant provided about Checo was that he was "[a] Mexican guy from Matamoros." Detective Ortiz was not able to locate Checo.

Detective Ortiz also testified that after Aaron Castillo was shot, appellant was "on the run" for four days before he was finally arrested. Detective Ortiz was present when appellant was arrested. Detective Ortiz testified that appellant was hiding in a truck travelling south on U.S. Highway 77. Another man was driving the truck and there was a female passenger. After police stopped the truck, appellant tried from the back seat to keep the female passenger from exiting the truck. After she successfully escaped, appellant escaped on the driver's side of the truck, jumped over the highway median, and ran across the northbound lanes of travel, causing a "big collision" just ten to fifteen feet from Detective Ortiz. After crossing the northbound lanes of traffic, appellant then re-entered the highway traffic and ran southbound in the middle northbound lane of traffic. He was eventually apprehended and arrested.

## B. The Kleberg County District Court's Decision

After the State and appellant rested, but before the Kleberg County district court announced whether it would find the alleged community-supervision violations "true" or

4

"not true," appellant's revocation counsel asked that the State be required to elect between Counts 1 and 2 in the revocation motion because the aggravated assault with a deadly weapon alleged in Count 2 was a lesser-included offense of the murder alleged in Count 1. Counsel argued double jeopardy and explained that his concern was that he did not want the Kleberg County district court to find both Counts 1 and 2 to be true. The State argued an election was not required.

The Kleberg County district court stated that it reviewed this issue with respect to whether the state had proved a lesser-included offense and, based on the opinion of *Greer v. State*, 783 S.W.2d 222 (Tex. App.—Dallas 1989, no pet.), it did not believe that it could find both Count 1 and Count 2 to be "true" because the victim for each count was the same decedent, Aaron Castillo. The court explained that it believed this addressed appellant's counsel's concern in that it could either find the murder allegation to be true, or find the lesser allegation to be true, but that it could not find both allegations to be true.

In his closing argument at the "true or not true" phase of the revocation hearing, appellant's revocation counsel argued that the State had not proven the murder alleged in Count 1, and added that appellant "wants his day in court in Cameron County. He wants to go to trial in Cameron County. And I think that this action by the . . . DA's office is a way to circumvent that and get it before this Court."

The Kleberg County district court thereafter announced that it "is going to find at this time" Count 1 "to be not true" and "Count 2 to be true." The Kleberg County district court followed by announcing in similar fashion with regard to the other counts at issue at

5

the revocation hearing. A docket entry dated the same day provides that the district court found Count 1 to be "not true" and Count 2 to be "true."

Neither side presented punishment evidence. After hearing argument on the punishment issue, the Kleberg County district court assessed punishment at fifteen years of confinement in the Texas Department of Criminal Justice, Institutional Division. In announcing the sentence, the district court added, "the Court is also going to allow this sentence to run concurrent with any sentence that may be imposed related to any offenses that are alleged within this motion to revoke, whether or not they were found true or not true by this Court."

The Kleberg County district court's judgment states that appellant violated the terms of his community supervision as alleged in Counts 2, 4, 5, 6, 8, 10, and 12–15 of the State's Second Amended Motion to Adjudicate Guilt. The judgment, however, does not make reference to any of the other Counts, including Count 1, the murder allegation.[3]

## C.   The Habeas-Corpus Application in the Cameron County District Court

In May 2011, appellant filed an application for writ of habeas corpus in the Cameron County district court arguing that the State was collaterally estopped from prosecuting him in Cameron County for Aaron Castillo's murder because the Kleberg County district court had found at the revocation hearing that it was "not true" that appellant committed the murder. After issuing the writ of habeas corpus, the Cameron County district court held a non-evidentiary hearing on appellant's habeas-corpus

---

[3] At the end of the revocation hearing, however, the Kleberg County district court did make an oral pronouncement that "[t]he Court is going to find Count 1 to be not true."

6

application. The Cameron County district court denied the requested relief. This interlocutory appeal ensued.

## II. JURISDICTION

The doctrine of collateral estoppel is embodied within the Double Jeopardy Clause of the Fifth Amendment to the federal constitution, which is applicable to the states through the Fourteenth Amendment. *Murphy v. State*, 239 S.W.3d 791, 794 (Tex. Crim. App. 2007) (citing *Ashe v. Swenson*, 397 U.S. 436, 445 (1970); U.S. CONST. amends. V, XIV). A ruling on a pretrial application for writ of habeas corpus may be challenged by interlocutory appeal when, as here, the trial court first issues the writ and then rules upon a question of whether a trial on the merits will violate double-jeopardy principles. *See Ex parte Tarver*, 725 S.W.2d 195, 196 (Tex. Crim. App. 1986) (en banc); *Ex parte Brown*, 925 S.W.2d 111, 112 (Tex. App.—Amarillo 1996) (citing *Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex. Crim. App. 1981)); *see also Ex parte Walker*, 813 S.W.2d 570, 571 (Tex. App.—Corpus Christi 1991) (dismissing interlocutory appeal for lack of jurisdiction when the trial court did not issue a writ of habeas corpus).

## III. STANDARD OF REVIEW AND APPLICABLE LAW

The sole ruling under review in this case is the Cameron County district court's decision that collateral estoppel does not bar appellant's murder prosecution. *See State v. Stevens*, 235 S.W.3d 736, 739 (Tex. Crim. App. 2007). A decision to apply or not to apply collateral estoppel is a question of law, applied to the facts, for which de novo review is appropriate. *See id.* at 740; *State v. Getman*, 255 S.W.3d 381, 384 (Tex. App.—Austin 2008, no pet.). To the extent the Kleberg County district court made

7

findings of historical fact based on the evidence adduced at the revocation hearing, those findings are accorded almost total deference. *See Getman*, 255 S.W.3d at 384.

The collateral estoppel rule 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'[4] *Getman*, 255 S.W.3d at 384 (quoting *Ashe*, 397 U.S. at 443). The Double Jeopardy Clause incorporates collateral estoppel as a constitutional requirement. *Id.*

To determine whether collateral estoppel bars a subsequent prosecution or bars relitigation of certain facts during a subsequent prosecution, a court must determine (1) exactly what facts were necessarily decided in the first proceeding; and (2) whether those necessarily-decided facts constitute essential elements of the offense in the second trial. *Id.* (citing *Ex parte Taylor,* 101 S.W.3d 434, 440 (Tex. Crim. App. 2002)). The very fact or point in issue must have been determined in the prior proceeding. *Id.* The entire record from the earlier proceeding must be examined with realism and rationality to determine precisely what fact or combination of facts was necessarily decided as would bar relitigation. *Id.* at 384–85.

The question is not whether there is a possibility that an ultimate fact was determined adversely to the prosecution; rather, the outcome of the earlier proceeding must necessarily have been grounded on the issue which the defendant seeks to

---

[4] We note that the Texas Court of Criminal Appeals recently held that a prosecutor moving to revoke in Brazos County and a prosecutor later representing the State to prosecute the same theft offense in Travis County are the same party for the purpose of determining whether "*res judicata* applies to bar . . . criminal prosecution." *Ex parte Doan*, 369 S.W.3d 205, 206 (Tex. Crim. App. 2012). For our analysis, we assume without deciding that the revocation proceeding in Kleberg County and the prosecution in Cameron County involved the same parties. However, under the facts presented, it is not necessary for us to decide that question in disposing of this appeal. *See* TEX. R. APP. P. 47.1.

foreclose from relitigation. *Id.* at 385 (citing *Ladner v. State,* 780 S.W.2d 247, 254 (Tex. Crim. App. 1989)). If the fact issue was not necessarily determined in the earlier proceeding, the possibility that it may have been determined does not bar relitigation of that issue. *State v. Nash*, 817 S.W.2d 837, 841 (Tex. App.—Amarillo 1991, pet. ref'd). It is the defendant's burden to demonstrate that the factual issue he seeks to foreclose was actually decided in the first proceeding. *Getman*, 255 S.W.3d at 385 (citing *Guajardo v. State,* 109 S.W.3d 456, 460 (Tex. Crim. App. 2003)).

## IV. ANALYSIS

The Texas Court of Criminal Appeals has held that a probation revocation hearing can give rise to collateral estoppel. *Id.* (citing *Ex parte Tarver*, 725 S.W.2d at 195). However, for collateral estoppel to apply, (1) there must be a fact-finding by the first court at the probation-revocation proceeding that illustrates the basis for the court's decision, *id.* (citing *Jaime v. State,* 81 S.W.3d 920, 926 (Tex. App.—El Paso 2002, pet. ref'd); *Wafer v. State,* 58 S.W.3d 138, 141 (Tex. App.—Amarillo 2001, no pet.)); *see also Ex parte Tarver*, 725 S.W.2d at 200, and (2) that fact-finding must be adverse to the State on a fact elemental to the subsequent prosecution, *see Getman*, 255 S.W.3d at 385.

The State argues that this Court should summarily affirm the Cameron County district court's denial of habeas relief because appellant did not meet his burden to present the Cameron County district court or this Court with the complete evidentiary record that was before the Kleberg County district court when it ruled on the revocation motion. *See Guajardo*, 109 S.W.3d at 460–61. The State argues that the missing video of appellant's statement to the police is particularly troubling. Having reviewed the entire

9

record, however, we find it sufficient to determine with certainty that appellant did not meet his burden of proving the Kleberg County district court found adversely to the State on a fact essential to his murder prosecution. *See Getman*, 255 S.W.3d at 387. Therefore, we reject the State's argument that appellant's issue on appeal ought to be rejected summarily at the outset for lack of a sufficient record.

In the Cameron County district court, appellant argued that the Kleberg County district court's oral pronouncement that it was going to find Count 1 "not true" is an adverse fact finding to the State on whether appellant murdered Aaron Castillo, as alleged in the indictment. On appeal, appellant adds that the following comments that the Kleberg County district court made to appellant during the sentencing phase of the revocation hearing also amount to an adverse fact finding on the question of whether appellant murdered Aaron Castillo as alleged in the indictment:

> The Court, having found you—or found the allegations or some of the allegations in the motion to revoke to be true now has to figure out what to do. And the reality is that it was—it was only through the use of 7.01 and 7.02, which is going to be criminal responsibility for others and the law of parties, those areas of the law that I found Allegation 2 to be true. There just wasn't enough that was presented to the Court in terms of looking at the elements between the murder and the aggravated assault that were presented to the Court. I came up short.

We first note that appellant's argument on appeal, that the Kleberg County district court's comments during sentencing constituted a fact finding adverse to the State on the murder allegation, was not preserved for our review because appellant did not make this argument in the Cameron County district court. *See Ex parte Tucker*, 977 S.W.2d 713, 715 (Tex. App.—Fort Worth 1998) (holding issue of excessive bond would not be addressed on appeal when it was not included in pre-trial habeas application at issue on

10

appeal), *pet. dism'd.*, 3 S.W.3d 576 (Tex. Crim. App. 1999) (per curiam); *see also Castillo v. State*, No. 13-10-00317-CR, 2011 WL 3853939, at *5 n.6 (Tex. App.—Corpus Christi Aug. 31, 2011, no pet.) (mem. op., not designated for publication) (holding argument against admissibility of videotape evidence was not preserved for appellate review because the same argument was not made in the trial court).

We disagree with appellant that the record contains a fact finding from the Kleberg County district court on the question of whether appellant murdered Aaron Castillo, as alleged in the indictment.   The Kleberg County district court's written revocation order in which it made no finding concerning Count 1 controls over its oral pronouncement that it made during the hearing.   A written order revoking community supervision controls over an oral pronouncement by the trial judge.   *See Clapper v. State*, 562 S.W.2d 250, 251 (Tex. Crim. App. [Panel Op.] 1978); *Ablon v. State*, 537 S.W.2d 267, 269 (Tex. Crim. App. 1976); *see also Henderson v. State*, 681 S.W.2d 173, 174 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd).   Similarly, the docket entry made the same day as the Kleberg County district court's oral pronouncement merely memorializes the oral pronouncement and is not a judgment.   *See State v. Garza*, 931 S.W.2d 560, 561–62 (Tex. Crim. App. 1996) (holding docket entry cannot constitute written order required to determine a motion for new trial); *Garcia v. State*, 45 S.W.3d 733, 736 (Tex. App.—Corpus Christi 2001, no pet.) (concluding record did not show a ruling on motion to suppress when it contained docket entry that motion was overruled, but the record contained no written order or oral ruling from the bench); *Gomes v. State*, 9 S.W.3d 170, 172 n.2 (Tex. App.—Houston [14th Dist] 1999, no pet.) (en banc) (". . . [i]n most cases docket sheets

11

are merely a record kept by the clerk showing the order and nature of the proceedings for each criminal action").

The record shows that the State alleged numerous independent grounds for revoking appellant's Kleberg County community supervision. The Kleberg County district court found in its judgment revoking community supervision that appellant violated the terms of his community supervision as alleged in Counts 2, 4, 5, 6, 8, 10, and 12–15 of the State's Second Amended Motion to Adjudicate Guilt. Any one of these findings alone was sufficient to justify revoking appellant's community supervision. Therefore, it was unnecessary for the Kleberg County district court to make any additional findings regarding the other revocation grounds alleged, including whether appellant committed the murder of Aaron Castillo in Cameron County. *See Getman*, 255 S.W.3d at 387 (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (explaining violation of a single probation condition is sufficient to support revocation)).

In addressing appellant's revocation counsel's request that the State elect between proving the murder of Aaron Castillo alleged in Count 1 or the aggravated assault with a deadly weapon alleged in Count 2, the Kleberg County district court made clear that it would only make a fact finding on one of the two counts, and not both of them, because the counts involved the same victim. So, the Kleberg County district court did not necessarily conclude the State failed to prove the murder allegation. It may, for example, have concluded that the evidence was more compelling in showing aggravated assault. Believing that it was only allowed to find either Count 1 or Count 2 to be true, it found Count 2 to be true. The judgment made no fact finding or legal conclusion

12

concerning Count 1, the murder allegation. *See id.*; *Ex parte Tarlton*, 105 S.W.3d 295, 301–02 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("Because the trial court could rationally have based its verdict on issues other than those appellant now seeks to foreclose, we cannot find that the instant prosecutions violate the collateral estoppel rule."). The Kleberg County district court's judgment is not a finding of fact on the murder allegation, but rather when read in context, shows a refusal on the part of the Kleberg County district court to make a finding of fact concerning the murder allegation.

We find this case distinguishable from *Ex parte Tarver*. *See Ex parte Tarver*, 725 S.W.2d at 196. In that case, a district attorney charged Tarver by information with an assault and then sought to revoke Tarver's probation based on the charged assault. *Id.* After a full hearing, at which the State presented three witnesses, the revocation court ruled on a defense motion that the court find the assault allegation "not true." *Id.* The revocation court granted the defense motion and found the assault allegation "not true," adding, "I find the evidence in this case to be totally incredible." *Id.* The court denied the motion to revoke. *Id.*

Later, the same district attorney attempted to prosecute Tarver for the same assault. *Id.* Tarver subsequently filed a pretrial application for writ of habeas corpus alleging that the State was collaterally estopped from relitigating the assault. *Id.* At the habeas hearing, Tarver and the district attorney entered into a stipulation that, *inter alia*, the same complainant would testify and his testimony in the assault case would be the same as at the revocation hearing. *Id.* at 198. The Court of Criminal Appeals held the that trial court's order denying the motion to revoke constituted a judgment in which the

13

fact issue of whether Tarver committed the assault was found "not true."  As such, the State was collaterally estopped from prosecuting Tarver for the assault.  *Id.* at 199–200. The Court of Criminal Appeals emphasized the narrowness of its holding, explaining that a mere overruling of a State's motion to revoke is not a fact-finding that bars subsequent prosecution for the same alleged offense and that a trial court's decision to either revoke or continue a defendant's probation may involve no fact finding.  *Id.* at 200.

Unlike *Ex parte Tarver* which involved a single allegation, there were multiple grounds upon which the Kleberg County district court found "true" that did not require a finding on whether appellant murdered Aaron Castillo.  Further, appellant's revocation counsel did not specifically move the Kleberg County district court to make a finding that the murder allegation was "not true."   Instead, he asked the Kleberg County district court to not rule on Count 1, the murder allegation, and argued appellant wanted to have his day in court in Cameron County on the murder charge.  At sentencing, the Kleberg County district court made clear in its comments that it did not intend to foreclose appellant's prosecution for ". . . any sentence that may be imposed related to any offenses that are alleged within this motion to revoke, whether or not they were found true or not true by this Court."

The Cameron County district court's decision to deny appellant's pretrial application for habeas corpus was correct.  Appellant did not meet his burden of demonstrating the Kleberg County district court made a fact finding adverse to the State on the allegation that he murdered Aaron Castillo on or about February 2, 2009, in

14

Cameron County, Texas.   See *Ex parte Tarver*, 725 S.W.2d at 200; *Getman*, 255 S.W.3d at 388.   We overrule appellant's sole issue on appeal.

## V.   CONCLUSION

We affirm the Cameron County district court's order denying appellant's application for writ of habeas corpus.

_____
Gregory T. Perkes
Justice

Publish
TEX. R. APP. P. 47.2 (b)

Delivered and filed the
1st day of November, 2012.