

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00303-CR

Santos **GUEVARA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 5336
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  February 11, 2015

AFFIRMED

The sole issue presented in this appeal is whether the trial court erred in denying the pre-trial application for writ of habeas corpus filed by Santos Guevara. Guevara's application asserted that the doctrine of res judicata barred his prosecution for a criminal offense because the facts of the offense were previously used to revoke Guevara's community supervision in another cause. We affirm the trial court's judgment.

**BACKGROUND**

In the underlying cause, Guevara was indicted for the offense of unlawful possession of a firearm by a felon. The State also filed a motion to revoke Guevara's probation in a separate cause in which Guevara previously was convicted of the offense of theft by check. The State alleged that Guevara violated the conditions of his probation by: (1) committing the new offense; (2) failing to avoid injurious or vicious habits by consuming alcohol; and (3) failing to undergo evaluation and counseling as ordered by the probation officer. The trial court found all of the State's allegations to be true, revoked Guevara's probation, and sentenced him to ten months' confinement.

Prior to trial in the underlying cause, Guevara filed an application for writ of habeas corpus asserting the doctrine of res judicata barred his prosecution for the possession of a firearm offense because the facts of that offense were used to revoke his probation. After the trial court denied his application, Guevara pled guilty to the offense and was sentenced to two years' confinement.

**VERIFIED SPECIAL PLEA**

The State contends that this court should not address the merits of the trial court's ruling on Guevara's application because Guevara's application was not properly verified. The State cites article 27.06 of the Texas Code of Criminal Procedure, which requires a defendant's special plea to be verified by the defendant's affidavit. TEX. CODE CRIM. PROC. ANN. art. 27.06 (West 1989). At the hearing before the trial court, Guevara argued that article 27.06 applies only to pleas of double jeopardy, not to pleas of issue preclusion like res judicata and collateral estoppel.

The Texas Court of Criminal Appeals has twice declined to address whether the doctrine of issue preclusion must be raised in a verified special plea under article 27.06. *See Guajardo v. State*, 109 S.W.3d 456, 459 n.6 (Tex. Crim. App. 2003); *Shaffer v. State*, 477 S.W.2d 873, 876 n.3 (Tex. Crim. App. 1971). In *Shaffer*, after noting that the double jeopardy defenses of prior acquittal

- 2 -

and prior conviction must be raised in a verified special plea, the court stated, "In that collateral estoppel is arguably distinguishable from those two pleas, we will not consider the effect of appellant's failure to verify his plea." 477 S.W.2d at 876 n.3. The court declined to address the issue because it concluded that a decision could be reached based on the appellant's failure to offer evidence in support of his plea. *Id*. Similarly, in this case, a decision can easily be reached based on the inapplicability of the doctrine of res judicata to the facts in this case; therefore, we do not decide whether Guevara was required to raise the doctrine of res judicata in a verified special plea.

### RES JUDICATA

Guevara contends that the doctrine of res judicata precludes the State from prosecuting him for the possession of a firearm offense because the State used the facts of that offense as a ground for revoking his probation in a separate cause. The cases discussing the doctrine of issue preclusion in this context generally refer to the doctrine of collateral estoppel as opposed to res judicata. Because Guevara does not argue that the doctrine of res judicata differs from the doctrine of collateral estoppel in this context, we discuss the doctrines interchangeably.

A decision to apply or not to apply the doctrine of collateral estoppel is a question of law, applied to the facts, which we review de novo. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Ex parte Bolivar*, 386 S.W.3d 338, 344 (Tex. App.—Corpus Christi 2012, no pet.). The Texas Court of Criminal Appeals has held that a probation revocation hearing can give rise to collateral estoppel where: (1) there is a fact-finding by the court at the probation revocation proceeding that is the basis for the court's decision; and (2) the fact-finding is adverse to the State on a fact which is an essential element of the offense in the subsequent prosecution.[1] *See Ex parte*

---

[1] Although Guevara also makes references to double jeopardy in his brief, the Texas Court of Criminal Appeals has held that double jeopardy does not preclude the State from prosecuting a defendant for an offense and also using the offense as the basis for revoking his probation in a separate cause. *See Ex parte Doan*, 369 S.W.3d 205, 212 (Tex. Crim. App. 2012); *Ex parte Tarver*, 725 S.W.2d 195, 197 (Tex. Crim. App. 1986). In that scenario, the defendant is

*Tarver*, 725 S.W.2d 195, 200 (Tex. Crim. App. 1986); *Ex parte Bolivar*, 386 S.W.3d at 344-45; *State v. Getman*, 255 S.W.3d 381, 384-85 (Tex. App.—Austin 2008, no pet.).

In this case, the trial court found the State's allegation that Guevara violated the conditions of his probation by committing the offense of possession of a firearm to be true. In finding the allegation to be true, the trial court did not make a finding adverse to the State. Accordingly, because the doctrine of collateral estoppel is applicable only if the prior finding at the revocation proceeding is adverse to the State, the trial court did not err in denying Guevara's application. *See Ex parte Bolivar*, 386 S.W.3d at 345; *Getman*, 255 S.W.3d 385.

**CONCLUSION**

The trial court's judgment is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH

---

not being punished twice for the same offense because the punishment in the probation revocation cause is imposed for the offense for which the defendant was originally convicted and placed on probation, not for the offense which provides the basis for revoking his probation. *See Ex parte Tarver*, 725 S.W.2d at 197.