# PD-0617-15

Randall Bolivar # 1719379
Ellis Unit
1697 FM 980
Huntsville, Texas 77343

June 23, 2015

VIA CERTIFIED MAIL

7014 0510 0001 2015 1716

Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711

RE: Cause No. PD-0617-15

Dear Clerk of the Court:

Enclosed for filing with the Court, please find my SECOND MOTION FOR LEAVE TO FILE OUT OF TIME PDR OF INTERLOCUTORY APPEAL DUE TO JURISDICTIONAL DEFECT.

Thank you for your time and efforts. God Bless You!

Respectfully Submitted,

Randall Bolivar, Pro Se

cc:
State Prosecuting Attorney
Cameron County D.A.'s Office
File

**FILED IN**
COURT OF CRIMINAL APPEALS

JUL 07 2015

Abel Acosta, Clerk

**RECEIVED IN**
COURT OF CRIMINAL APPEALS

JUL 07 2015

Abel Acosta, Clerk

CAUSE NO. PD-0617-15

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| RANDALL BOLIVAR, | § | |
|     Petitioner | § | COA NO. 13-11-00397-CR |
| | § | 13TH Court of Appeals |
| vs. | § | |
| | § | Tr. Ct. No. 09-CR-2869-A |
| THE STATE OF TEXAS, | § | 107TH District Court |
|     Respondent | § | |

SECOND MOTION FOR LEAVE TO FILE OUT OF TIME PDR OF INTERLOCUTORY APPEAL

DUE TO JURISDICTIONAL DEFECT

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Randall Bolivar, Petitioner Pro Se, and respectfully moves the Court to grant him leave to file an out of time Petition for Discretionary Review (PDR) in the Court of Criminal Appeals, and support shows:

## FACTS

1. Appellant filed a pre-trial writ of habeas corpus, and a hearing was held June 14, 2011 in the 107TH District Court of Cameron County, Texas. (RR-16)

2. The trial court denied the requested relief, and an interlocutory appeal ensued. (Thirteenth Court of Appeals, Cause No. 13-11-00397-CR)

3. The Thirteenth Court of Appeals delivered a published opinion, by Justice Gregory T. Perkes, on November 1, 2012. The case is cited as EX PARTE RANDALL BOLIVAR, 386 S.W.3d 338 (Tex. App. Corpus Christi 2012).

4. Appellate counsel wrote Appellant on November 3, 2012 to notify Appellant of the appellate court's affirmation, but did not advise Petitioner of his rights to petition this Court for discretionary review. (Exhibit Attached).

5. Appellant first became aware of his right to aPDR in the instant case on May 11, 2015 while reviewing the Texas Rules of Appellate Procedures in anticipation of having to respond to any brief or objection filed by the State in response to the Writ of Mandamus and Stay of Proceedings filed by Petitioner in this Court. (Cause No. WR-79,354-03).

6. Appellant has never received the trial court's order of denial, nor has the trial court's Clerk's Record been made available to Appellant. Just recently has Appellate counsel made the Appellate Brief and State's Brief.

7. Appellant has never been appraised of his rights under Rule 68, TRAP, as required under Rule 48.4, TRAP. Appellate Court's record supports his claim.

## ARGUMENT

Appellant argues due to interlocutory Appellate Counsel, Luis P. Garcia and Lisa G. Greenberg, failing to inform Appellant that he had fifteen (15) days to

1

file either a motion for extension of time to file PDR, or to file the PDR proper, pursuant to Rule 68, TRAP, as shown in the attached Exhibit. (JPAY letter from Lisa G. Greenberg).

Garcia and Greenberg have a duty as appellate counsel to notify Appellant of his time limits to file the motion for extension or PDR proper, in which both attorneys failed to do soand follow Rule 48.4, TRAP, requirements in sending Appellant, via Certified Mail, notice of the Court of Appeals opinion and that Appellant must file said motion for extension or PDR, see id.

Because Appellate Counsel failed to notify Appellant of TRAP Rule 68 requirements to file for an extension or PDR, this Court has repeatedly held as precedent in the past that Appellant should be granted leave to file a PDR due to an appellate counsel's failure to notify. This reasoning is also in line "with the rule that defendants have a right to effective assistance of counsel on appeal." LAFLER v. COOPER, 132 S.Ct. 1376, 1385 (2012). Appellate Counsel's duties on appeal continue until Rule 48.4 has been executed by counsel.

Appellant's interlocutory appeal addressed a separate conviction from the 105TH District Court of Kleberg County, Texas (Cause No. 06-CRF-0501) other than the 107TH District Court of Cameron County, Texas (Cause No. 09-CR-2869-A), conviction in which the Kleberg Court, prior to the Cameron County Murder trial, found that as to Count I to the Kleberg Motion To Revoke of the same Cameron County murder allegation to be "NOT TRUE," therein divesting Cameron County of **JURISDICTION**, which cannot be waived, and can be brought forth at any time, in any court. See EX PARTE PATTERSON, 969 S.W.2d 16, 19 (CCA 1998); HOUSTON GEN. INS. CO. v. ATER, 843 S.W.2d 225, 227 (Tex. App. El Paso 1992).

Therefore, by this Court's prior denial of leave to file out of time PDR was in errorcreating a fundamental constitutional violation of significant magnitude due to jurisdictional issue.

PRAYER

Wherefore, premises considered, Petitioner prays this Honorable Court will grant leave to file an out of time PDR in Cause No. 13-11-00397-CR, from the Thirteenth Court of Appeals.

Respectfully Submitted,

Randall Bolivar, Pro Se
Petitioner
Ellis Unit, TDCJ # 1719379
1697 FM 980

2

## VERIFICATION

STATE OF TEXAS      §
                       §
COUNTY OF WALKER    §

### AAFFIDAVIT IN SUPPORT OF
### SECOND MOTION FOR LEAVE TO FILE OUT OF TIME PDR OF INTERLOCUTORY APPEAL
### DUE TO JURISDICTIONAL DEFECT

I, Randall Bolivar, being presently incarcerated within TDCJ-CID, O.B. Ellis Unit, located in Walker County, Texas, declare under penalty of perjury without the United States, that I have read the above-noted motion, that every allegation and fact stated therin and herewith are true, correct, and complete pursuant to Title 28 USC § 1746 (1).

EXECUTED ON June 23, 2015.

_____
Randall Bolivar, Affiant

### CERTIFICATE OF SERVICE

I, Maria S. Rey, certify that a true and correct copy of the above and fore-going document has been served on opposing counsel for the State via hand-delivery, fax, or regular First Class Mail at:

Cameron County D.A.'s Office                State Prosecuting Attorney
964 E. Harrison St.        AND        P.O. Box 13046
Brownsville, Texas 78520                  Austin, Texas 78711.

Signed and served on June 26, 2015.

_____
Maria S. Rey

*You have received a* **jpay** *letter, the fastest way to get mail*

From : Lisa Greenberg, CustomerID: 4074939
To (Inmate): RANDALL BOLIVAR, ID: 01719379
Date : 11/3/2012 10:04:15 AM EST,   Letter ID: 43334950
Location : ML

Confidential and Privileged

Attorney/Client Communication

Unauthorized persons are prohibited from viewing or using this communication in any way. If you have received this message and are not the intended recipient, please contact me immediately and then immediately delete the message without saving, printing, or forwarding it.

Hi Randall,

I hope this letter finds you well and safe and sound. Unfortunately, it does not bear good news. The 13th Court of Appeals ruled on our pretrial writ of habeas corpus on Thursday, affirming the trial court. I was in court and got the message, and saved the opinion to read thoroughly yesterday. I have now read the opinion and will share with you the important part of it's contents.  They hung their hat on the fact that no "fact finding" was made at the trial court level.  They said that because Trey Garza did not argue that at trial court level, I could not argue that in my appeal. I did argue findings of fact were made.

They also seemed to make a great issue of the fact that at the MTS, you and Mr. Flynn argued you wanted your day in court. So they are so generously giving it to you (I'm sorry for my sarcasm, but we have a terrible court of appeals who is made up of a bunch of Republican Civil Lawyers, who are weanies and will do anything to not overturn a criminal case).

Here are some important portions of the opinion:

To determine whether collateral estoppel bars a subsequent prosecution....a cout must determine 1) exactly what facts were necessarily decided in the first proceeding; and 2) whether those necessarily decided facts constitute essential elements of the offense in the second trial. (test they use).

In the appeal, I argued that the Judge's comments amount to an adverse fact finding to the state. This is he portion where Judge Hernandez says that the state came up short on evidence, hence her not true finding.

The court of appeals says: We first note that appellant's argument on appeal, that the Kleberg County district court's comments during sentencing constituted a fact finding adverse to the State on the murder allegation, was not preserved for our review because appellant did not make this argument in the Cameron County district court.

They say that they disagree with us that a fact finding was made. Docket entry only says "not true". Because there were many counts alleged in the motion to revoke probation, the court says it was unnecessary for the district court to make any additional findings regarding the other revocation grunds alleged.

So, basically, they argue that the Cameron County district court's decision was correct because appellant did not meet his burden of demonstrating that the kleberg county court made a fact finding adverse to state.

Okay, so there it is. Hopefully, you have a full copy of the opinion from the 13th court of appeals.

I'm going to give you some time to digest this, as I took a day or two myself, and then we must move forward. I am going to be completely frank with you here.  Luis wants to withdrawal from your case due to lack of payment. Trust me, I know how hard the financial situation has been for you and your family, with Rudy's trial fees, etc. I want to appeal this case to the Court of Criminal Appeals. I also want to try the case, but I don't feel comfortable doing so alone. I need Luis's experience with murder trials and his familiarity with Brownsville. If there is no money available, we could try to get appointed to the murder case, but that is highly unlikely as you took Trey Garza off of his appointment. Pate did appoint us to your other cases though.

**jpay** *Tell your friends and family to visit www.jpay.com to write letters and send money!*

*You have received a jpay letter, the fastest way to get mail*

From : Lisa Greenberg, CustomerID: 4074939
To (Inmate): RANDALL BOLIVAR, ID: 01719379
Date : 11/3/2012 10:04:15 AM EST,    Letter ID: 43334950
Location : ML

I want to see this through as I am committed to your case, but I am a bit stuck between a rock and a hard place. I still feel just as passionate about this case and the law as I did the first day Chad brought it to me. I am ready to submit motions to the district court because the Cameron County DA has not provided us with any discovery, we do not have any deal made to Rolando or Rudy, and we do have a signed motion on both stating for the state to provide those. I am also prepared to get ready to try this case. The problem is, the situation may have changed based on what Rudy's statement says.

I will await word from you.

Thanks Randall, take care,
Lisa