# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00095-CR

**Juan Leal, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-13-300082, HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Juan Leal, Jr., pleaded guilty to the felony offense of assault family violence and was placed on deferred-adjudication community supervision for a period of three years.[1] Subsequently, the State filed its second amended motion to proceed with an adjudication of guilt, in which it alleged that Leal had committed 23 violations of the terms and conditions of his community supervision, including multiple drug offenses and additional acts of family violence. Following a hearing, the district court found the allegations to be true, specifically mentioning several of the allegations but not mentioning others. The district court then adjudicated Leal guilty and sentenced him to 18 years' imprisonment. This appeal followed.

In a single issue on appeal, Leal asserts that the judgment adjudicating guilt, which lists 21 violations of his community supervision, should be modified to delete two of the violations

---

[1] *See* Tex. Penal Code § 22.01(b)(2)(A).

that the district court, in its oral pronouncement adjudicating guilt, did not mention. In Leal's view, the oral pronouncement should control over the written judgment.

Leal is mistaken. It is true that when there is a conflict between a trial court's oral pronouncement of a defendant's *sentence* and the sentence as reflected in the written judgment, the oral pronouncement controls.[2] However, there is no such conflict here. Instead, the written judgment contains additional findings that were not included in the district court's explanation at the hearing of the reasons why it was revoking Leal's community supervision.[3] It is well settled that a written order revoking community supervision controls over the oral pronouncement.[4] We also observe that the district court made no finding at the hearing that any of the State's allegations were not true. Thus, there is no "conflict" between the oral findings and the written findings. We overrule Leal's sole issue on appeal.

---

[2] *See* Tex. Code Crim. Proc. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

[3] We note that any one of the district court's findings would be sufficient to support a revocation of Leal's community supervision, *see Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.), and Leal makes no contention on appeal that the evidence is insufficient to support the district court's revocation.

[4] *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998); *Clapper v. State*, 562 S.W.2d 250, 251 (Tex. Crim. App. 1978); *Ablon v. State*, 537 S.W.2d 267, 269 (Tex. Crim. App. 1976); *Balli v. State*, 530 S.W.2d 123, 125 (Tex. Crim. App. 1975); *Ex parte Bolivar*, 386 S.W.3d 338, 345-46 (Tex. App.—Corpus Christi 2012, no pet.); *see also Hubbard v. State*, No. 03-97-00250-CR, 1998 Tex. App. LEXIS 3218, at *3-4 (Tex. App.—Austin May 29, 1998, no pet.) (op., not designated for publication); *Dunlap v. State*, No. 03-95-00743-CR, 1997 Tex. App. LEXIS 1737, at *5-7 (Tex. App.—Austin Apr. 3, 1997, pet. ref'd) (op., not designated for publication).

The judgment adjudicating guilt is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   December 10, 2015

Do Not Publish