# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-15-00433-CR

**Hector Hato LaBoy, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. D-1-DC-13-204642, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Hector Hato LaBoy pleaded guilty to a charge of assault with family violence. *See* Tex. Penal Code § 22.01(b)(2). The trial court accepted LaBoy's plea, found him guilty, sentenced him to three years' imprisonment probated for five years, and placed him on community supervision. The State later filed a motion to revoke LaBoy's community supervision, alleging that LaBoy had tested positive for cocaine and marihuana, had failed to submit a urine or breath specimen at the direction of his supervision officer, had committed a terroristic threat by threatening to kill someone, and had committed criminal mischief by slashing a vehicle's tires. At a hearing on the State's revocation motion, LaBoy pleaded true to the allegations that he had tested positive for drugs and that he had failed to submit a urine or breath specimen as required and pleaded not true to the remaining allegations. Following the hearing, the trial court found the State's allegations true, revoked LaBoy's community supervision, and sentenced him to three years

in prison. In two issues on appeal, LaBoy contends that the evidence is insufficient to support the trial court's finding that he had violated the conditions of his community supervision by committing a terroristic threat and that his trial counsel was ineffective. We will affirm the trial court's judgment.

A trial court's decision to revoke community supervision must be supported by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). We review the trial court's revocation decision for an abuse of discretion, bearing in mind that the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id.* at 865. A plea of true, standing alone, is sufficient to support the revocation of community supervision. *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015). In addition, the violation of a single condition of community supervision is sufficient to support a revocation determination. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd) (mem. op.). Accordingly, "to prevail on appeal, the defendant must successfully challenge all of the findings" that support the trial court's revocation decision. *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

In his first issue, LaBoy contends that the evidence is insufficient to support the trial court's finding that he committed a terroristic threat. However, we need not reach this issue, because LaBoy pleaded true to three other allegations that he had violated the terms of his community supervision. *See Diaz v. State*, No. 03-15-00539-CR, 2016 WL 1084398, at *3 (Tex. App.—Austin Mar. 17, 2016, no pet.) (mem. op., not designated for publication) (declining

to address appellant's challenges to ten of nineteen grounds for revocation when appellant had pleaded true to other nine allegations).

LaBoy does not deny that he pleaded true to these three allegations. Instead, he argues that the trial court stated during his revocation hearing that the court was going to revoke his community supervision on the basis of the alleged new offenses and not on the basis of his substance use. However, even if the trial court did make such a statement, the written judgment, in which the trial court finds all of the State's allegations true and lists them as reasons for revocation, controls over the court's oral comments. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("These cases all involved written probation revocation orders based upon grounds which were inconsistent with the oral pronouncement of revocation. The basis for revocation stated in the written order controlled."); *Leal v. State*, No. 03-15-00095-CR, 2015 WL 8604431, at *1 (Tex. App.—Austin Dec. 10, 2015, no pet.) (mem. op., not designated for publication) ("It is well settled that a written order revoking community supervision controls over the oral pronouncement."); *Ex parte Bolivar*, 386 S.W.3d 338, 345–46 (Tex. App.—Corpus Christi 2012, no pet.) ("A written order revoking community supervision controls over an oral pronouncement by the trial judge."); *Hubbard v. State*, No. 03-97-00250-CR, 1998 WL 271046, at *2 (Tex. App.—Austin May 29, 1998, no pet.) (not designated for publication) ("[T]he court, at the conclusion of the revocation hearing, orally announced that it was revoking on the first and second grounds listed above. The written order, however, recites that the court found all three grounds alleged by the State to be true. The court's written order revoking community supervision controls over the oral pronouncement."). Because LaBoy pleaded true to having urine specimens test positive for controlled substances on

3

two separate occasions and failing to submit a specimen as required, we conclude that the trial court did not abuse its discretion in revoking LaBoy's community supervision.

In his second issue, LaBoy contends that his trial counsel provided ineffective assistance by failing to object to testimony that was hearsay and violated LaBoy's right to confrontation under federal and state constitutional law. To prevail on his claim of ineffective assistance of counsel, LaBoy must prove by a preponderance of the evidence that (1) his counsel's performance was deficient and (2) his counsel's deficient performance prejudiced him. *See Ramirez v. State*, 301 S.W.3d 410, 415 (Tex. App.—Austin 2009, no pet.); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Ramirez*, 280 S.W.3d 848, 852 (Tex. Crim. App. 2007). Even assuming without deciding that his counsel's performance was deficient, LaBoy cannot show that this deficient performance prejudiced him, because, as discussed above, LaBoy pleaded true to three of the State's allegations, and any one of those allegations would be sufficient to support the trial court's revocation decision.

Moreover, the testimony about which LaBoy complains was cumulative of testimony already presented. LaBoy argues that his counsel should have objected to the following testimony from a police officer: "I originally started talking to Jakuri [a witness] and he was—informed me of the criminal mischief act, and he was showing me the tires." However, the officer had previously testified, without objection, that the dispatcher had informed him that there was criminal mischief in progress, that the officer had informed LaBoy that LaBoy was being investigated for criminal mischief, and that the officer saw the vehicle with slashed tires when he arrived at the scene. Because the complained-of testimony was cumulative of other testimony about which LaBoy

4

has not complained, LaBoy has not shown that the result of his hearing would have been different had his counsel objected to the testimony. *See Saveika v. State*, No. 03-11-00070-CR, 2012 WL 2077679, at *9 (Tex. App.—Austin June 8, 2012, no pet.) (mem. op., not designated for publication) ("Because the jury heard some testimony characterizing the cats' food as adequate, the trial court could have reasonably decided that the omission of further such testimony was not prejudicial."). Accordingly, we overrule LaBoy's second issue.

## CONCLUSION

We affirm the trial court's judgment revoking LaBoy's community supervision.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   July 21, 2016

Do Not Publish

5