

NUMBERS 13-17-00215-CR & 13-17-00250-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RONALD DOUGLAS NEVELS,**          **Appellant,**

**v.**

**THE STATE OF TEXAS,**          **Appellee.**

---

**On appeal from the 319th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

In two separate but related causes, appellant Ronald Douglas Nevels was convicted of possession of cocaine, a state-jail felony, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West, Westlaw through 2017 1st C.S.), and failure to comply with sex offender registration requirements, a third-degree felony, *see* TEX. CODE CRIM. PROC. ANN.

art. 62.102 (West, Westlaw through 2017 1st C.S.). Nevels argues on appeal that the trial court's oral pronouncement of a "sanction" controls over the written order revoking his community supervision. We affirm.

## I. BACKGROUND

In trial court cause number 09-CR-1906-G (appellate cause number 13-17-00215-CR), Nevels was charged by information with possession of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a). In 2009, he pled guilty to the offense pursuant to a plea agreement. Nevels's sentence of two years in state jail was suspended and he was placed on community supervision for three years.

In trial court cause number 11-CR-1515-G (appellate cause number 13-17-00250-CR), Nevels was charged by indictment with failure to comply with registration requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102. In 2011, he pled guilty to this offense pursuant to a plea agreement. Nevels's sentence of five years in the Institutional Division of the Texas Department of Criminal Justice was suspended and he was placed on community supervision for five years.

Over the course of the next several years, the State filed three motions to revoke community supervision in trial court cause number 09-CR-1906-G and two motions to revoke community supervision in trial court cause number 11-CR-1515-G, alleging various violations of his community supervision, including multiple instances of testing positive for cocaine and failing to report to his community supervision officer. Nevels pleaded true to all the allegations in all the motions to revoke. On each motion to revoke, Nevels was continued on community supervision.

2

In February of 2017, the State filed another motion to revoke in both cause numbers. On April 17, 2017, the trial court held a hearing on the most recent motions to revoke. The following exchanges occurred:

[State]:        So we are giving Mr. Nevels another chance. The recommendation is the substance abuse caseload, Coastal Bend Outpatient Program, zero tolerance, a drug patch, a one-year extension, and a sixty-day jail sanction.

. . . .

[Trial Court]:  All right. Based upon the defendant's pleads [sic] of true and the evidence submitted, I'm going to find the allegations true. I am going to revoke the defendant's probation. I'm going to sentence him on—is the first one a state jail felony?

. . . .

[Trial Court]:  Then I'm going to sanction him—off the record

(Discussion off the record)

[Trial Court]:  All right. Then I'll sanction him to one year on the state jail on Cause Number 09-CR-1906-G, and I'll sanction him to three years confinement on the 11-CR-1515-G. I'll allow these sentences to run concurrent with each other, and I'll give the defendant credit for any time he spent in jail prior to today's date. Okay. That will be the order for the Court. I know I did not follow the recommendations of the State, but obviously as I said before, it is a motion to revoke; so just advise your client accordingly, okay?

The written judgment for trial court cause number 09-CR-1906-G reflects that Nevels's community supervision was revoked and that he was sentenced to one year in state jail. The written judgment for trial court cause number 11-CR-1515-G reflects that Nevels's community supervision was revoked and that he was sentenced to three years in the Institutional Division of the Texas Department of Criminal Justice. This appeal ensued.

3

## II. ORAL PRONOUNCEMENT

In both cause numbers, Nevels argues that the trial court's oral pronouncement of a sanction controls over the written judgment and that the judgment should be modified to delete the revocation of his community supervision.

### A. Standard of Review and Applicable Law

Usually, the written order of the court controls over an oral announcement. *See Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980); *Ex parte Bolivar*, 386 S.W.3d 338, 345–346 (Tex. App.—Corpus Christi 2012, no pet.). However, the Texas Court of Criminal Appeals has stated that "when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). We have interpreted *Coffey* and its progeny to be limited to situations in which there are "oral and written variations in *sentencing*." *Cross v. State*, No. 13-11-00041-CR, 2011 WL 3840505, at *2 (Tex. App.—Corpus Christi Aug. 29, 2011, no pet.) (mem. op., not designated for publication); *see Ex parte Bolivar*, 386 S.W.3d at 345 ("A written order revoking community supervision controls over an oral pronouncement by the trial judge.").

### B. Discussion

Nevels argues that the trial court's oral pronouncement of the sentence was inconsistent with the written judgment. More specifically, Nevels argues that the written judgment indicates that his community supervision has been revoked in both cause numbers whereas the trial court's oral pronouncement of sentence merely indicated that he intended to sanction Nevels but keep him on community supervision. Accordingly, Nevels asserts that the final written judgment should be modified to reflect the trial court's

4

oral pronouncement of sanction. The State argues that Nevels did not raise any objections to the trial court and furthermore that there is no inconsistency between the sentence and the written judgment. We agree with the State.

We find no inconsistency between the oral pronouncement and the written judgment. The trial court clearly informed the parties of his decision to "revoke the defendant's probation." The trial court followed this by stating, "Then I'll sanction him to one year on the state jail on Cause Number 09-CR-1906-G, and I'll sanction him to three years confinement on the 11-CR-1515-G." According to Nevels, the trial court was using "sanction" as a term of art to imply a continuation of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.001(1) (West, Westlaw through 2017 1st C.S.). However, the State argues that the trial court simply misspoke when it used the word "sanction."

We agree with the State because the record indicates that the trial court intended to revoke Nevels's community supervision, and there is nothing in the record suggesting that the trial court intended to keep Nevels on community supervision. For example, the trial court told the parties that he was revoking Nevels's probation and never said anything to indicate that he changed his mind. Furthermore, the State itself recommended that Nevels be continued on community supervision, but the trial court specified that it "did not follow the recommendations of the State." Also, right after proclaiming that he intended to revoke Nevels's probation, the trial court pronounced the sentences of one year in state jail and three years in the Institutional Division of the Texas Department of Criminal Justice, to run concurrently, on Nevels's two cause numbers; these sentences were consistent between oral pronouncement and the written judgment. Therefore, we find no

inconsistency; the written judgment accurately reflects the trial court's oral pronouncement of revoking Nevels's community supervision and sentencing him to one year in state jail and three years in the Institutional Division of the Texas Department of Criminal Justice. *See Coffey*, 979 S.W.2d at 328. We overrule Nevels's sole issue.

### III. CONCLUSION

We affirm the trial court's judgments.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of September, 2018.