

# NUMBER 13-21-00354-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RYANT EDGEORGE CONNELLY,                                          Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

## On appeal from the 117th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva
Memorandum Opinion by Justice Longoria**

Appellant Ryant Edgeorge Connelly appeals the trial court's judgment revoking his community supervision. In six issues, Connelly contends that he was denied his right to confront adverse witnesses and the trial court erred in admitting evidence over hearsay objections. We affirm.

## I. BACKGROUND

On March 28, 2014, Connelly pleaded guilty to the third-degree felony offense of intoxication assault. *See* TEX. PENAL CODE ANN. § 49.07. The trial court adjudicated Connelly guilty and assessed punishment at ten years' confinement but suspended the sentence and placed Connelly on community supervision for ten years. On August 30, 2021, the State filed an amended motion to revoke community supervision, alleging twenty-four violations of Connelly's community supervision. The State's amended motion alleged that Connelly failed to: refrain from committing an offense against the laws of this State by committing aggravated perjury; pay restitution, fines associated with his community supervision, and court costs; and submit scheduled breath samples to an alcohol monitoring device.

On September 21, 2021, the State's amended motion to revoke community supervision was heard before the trial court via in-person proceedings. The trial court granted the State's motion, revoked Connelly's community supervision, and sentenced him to six years' confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice. This appeal ensued.

## II. REVOCATION OF COMMUNITY SUPERVISION

### A. Standard of Review & Applicable Law

We review revocation of community supervision for abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). To revoke a defendant's community supervision, the State need only prove the violation of a condition of probation by a preponderance of the evidence. *See Hacker v. State*, 389 S.W.3d 860, 864 (Tex.

2

Crim. App. 2013). Preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* at 865. A single proven violation is all that is needed to affirm a trial court's order revoking a defendant's community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

When reviewing an order revoking community supervision, we view all the evidence in the light most favorable to the trial court's ruling. *See Hacker*, 389 S.W.3d at 865. The trial court as fact-finder is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *See id.* Thus, if the record supports conflicting inferences, it must be presumed that the trial court resolved any such conflict in favor of its findings. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

## B. Discussion

The revocation order indicates that the trial court found that Connelly violated all the conditions alleged in the State's amended motion to revoke.[1]

In four issues, Connelly argues that the trial court abused its discretion when it allowed two witnesses, Catherine Cassiano and Anthony Ricciardi, to testify remotely via Zoom video-conference software, which violated his right to confront them face-to-face under the Confrontation Clause and the Sixth and Fourteenth Amendments of the U.S.

---

[1] To the extent that the trial court's oral pronouncement at the revocation hearing differs from the written order, we note that the written judgment controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("These cases all involved written probation revocation orders based upon grounds which were inconsistent with the oral pronouncement of revocation. The basis for revocation stated in the written order controlled."); *Ex parte Bolivar*, 386 S.W.3d 338, 345–46 (Tex. App.—Corpus Christi–Edinburg 2012, no pet.) ("A written order revoking community supervision controls over an oral pronouncement by the trial judge.").

Constitution. In his remaining two issues, Connelly claims the trial court abused its discretion when it overruled his hearsay objections related to testimony and evidence elicited from Cassiano and Ricciardi.

In reviewing the record, we note that the challenged evidence relates only to the trial court's finding that Connelly committed the offense of aggravated perjury. In discussing how he was harmed by the admission of the challenged evidence, Connelly argues only that the trial court considered the evidence in finding that he committed aggravated perjury. But the evidence does not relate to the other findings upon which revocation was based. Thus, if we sustained Connelly's issues on appeal and held that the challenged evidence should have been excluded, revocation would nevertheless have been proper based on the other findings. We therefore need not address the merits of Connelly's six issues because even if sustained, they would not result in reversible error. *See* TEX. R. APP. P. 44.2, 47.1; *see Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (noting that, to prevail on appeal, an appellant must successfully challenge all findings that support the revocation order).

### III. CONCLUSION

We affirm the trial court's judgment revoking Connelly's community supervision.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
16th day of February, 2023.